WATSON, Judge.
This is an appeal by the defendant insurer, Liberty Mutual Insurance Company, from a judgment in a workmen’s compensation case awarding benefits for total and permanent disability. Plaintiff, Henry N. Wright, Jr., has answered the appeal, contending that penalties and attorney’s fees should have been awarded and that credit should not have been given for certain wages paid in lieu of compensation. The trial court concluded that Wright is totally and permanently disabled from an accident sustained while he was working at Cagle Chevrolet Company.
A car bumper fell on plaintiff’s back on June 1, 1976, following which he was hospitalized for six days and was required to wear a brace for three months. His injury, according to his attending physician Dr. Edmond C. Campbell, consisted of a fracture of the L-2 vertebra and a minor fracture of L-l. On October 1, 1976, plaintiff returned to work at Cagle’s on light duty. His work, according to defendant’s witnesses from Cagle’s, was unsatisfactory and he was discharged on December 9, 1976.
On December 13, 1976, Dr. Campbell saw plaintiff for the last time and discharged him with a 10% permanent partial disability of the back.
Weekly compensation benefits were paid from the date of the accident until plaintiff returned to work for Cagle’s when he began receiving his regular wages. After he was fired, compensation payments were never resumed despite demand.
The issues presented on appeal are:
(1) Did the trial judge err in awarding benefits for total and permanent disability?
(2) Were the wages paid by Cagle in lieu of compensation benefits?
(3) Was the defendant’s failure to pay compensation benefits arbitrary, capricious or without probable cause entitling plaintiff to penalties and attorney’s fees?

Total and Permanent Disability

The thrust of plaintiff’s claim is that he cannot work because if he did so he would suffer disabling pain. Our review of Dr. Campbell’s testimony and that of Dr. Norman P. Morin, another orthopedic surgeon who examined plaintiff, reflects that the medical supports plaintiff’s contention. While Dr. Campbell stated that, in his opinion, plaintiff could return to work, he could not say that plaintiff could work without pain. Dr. Campbell thought the pain might be sufficiently mild to permit plaintiff to remain employed but he admitted that pain is subjective and difficult to measure. Dr. Morin testified that plaintiff might suffer disabling pain if he attempted to work; and Dr. Morin would not dispute plaintiff’s testimony that he could not work because of pain. Dr. Morin also said that the accident could possibly cause an earlier onset of arthritis. Dr. Morin awarded plaintiff a 10% permanent partial disability of the back.
Plaintiff’s wife and mother also testified in support of plaintiff’s contention that he suffered pain while attempting to work or do other strenuous activities. The testimony of the wife is particularly strong and, since the trial judge heard and saw this witness, it is possible that he accorded considerable weight to her testimony.
On the basis of the record, it is our conclusion that the trial judge did not mani *1215 festly err in finding plaintiff totally and permanently disabled, especially in view of the decision of this court in Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3 Cir. 1977), the facts of which were not as favorable to the injured employee on the issue of disabling pain as are those of the present case. Writs were denied by the Louisiana Supreme Court in Phillips, at 353 So.2d 1048 (La., 1978).[1]
Wages in Lieu of Compensation
The test in Louisiana for determining whether wages were paid in lieu of compensation is whether the wages were actually earned. Le Blanc v. Mangel’s of Louisiana, Inc., 306 So.2d 422 (La.App. 3 Cir. 1975). The employer (or insurer) is entitled to credit only if the wages were not earned but were paid as a gratuity. Gonzales v. Coastal Wire Warehouse, Inc., 328 So.2d 923 (La.App. 4 Cir. 1976). The evidence is that upon his return to work, Wright “supervised” the new vehicle preparation shop for Cagle. His fellow employee, Gimble, testified that he Gimble did the work and plaintiff spent his time “watching” (TR. 109). Plaintiff said he drove vehicles and did menial tasks. Plaintiff was discharged on December 9 for unsatisfactory work. There is no reasonable basis to conclude that the wages were paid as a gratuity or that plaintiff was not expected to earn them. The fact that Wright’s work was below par is not the equivalent of saying the wages were not earned or that Cagle intended to pay him for not working. There is manifest error in the trial judge’s conclusion that the wages were paid in lieu of compensation.

Penalties and Attorney’s Fees

Plaintiff returned to work for Cagle on October 1, 1976 and while it is true that he was on light duty, he was receiving wages and the insurer was not required to pay compensation during that period. He was fired on December 9 and shortly thereafter (the record does not reflect the precise date) Dr. Campbell reported that he could return to work. Later medical information from Dr. Morin developed only a close question as to total disability.
Under the circumstances the trial court did not err in denying penalties and attorney’s fees.
For the reasons assigned, the judgment of the trial court awarding plaintiff compensation benefits for total and permanent disability is affirmed as is the judgment insofar as it denies penalties and attorney’s fees.
The judgment of the trial court is reversed as to the allowance of credit toward weekly compensation benefits for wages paid for the period from October 1, 1976 to December 9, 1976.
Costs of this appeal are taxed against Liberty Mutual Insurance Company.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. Also see Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3 Cir. 1978).