371 So.2d 1258 (1979)
Monroe JONES, Plaintiff-Appellee-Appellant,
v.
Mayo ARNOLD et al., Defendants-Appellants-Appellees.
No. 6972.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
*1259 Stafford, Trimble, Randow & Smith, Ronald J. Fiorenza, Alexandria, for defendants-appellants-appellees.
Robert L. Kennedy, Colfax, for plaintiff-appellee-appellant.
Before WATSON, STOKER and DOUCET, JJ.
WATSON, Judge.
This is a suit for workmen's compensation benefits filed by Monroe Jones against his immediate employer, Mayo Arnold; Verneco, Inc., for whom Arnold was a subcontractor; and Verneco's insurer, Mission Insurance Company. The issues on appeal are: (1) total and permanent disability; and (2) penalties and attorney's fees.
On December 5, 1975, plaintiff Jones was working as a woodcutter, when a tree limb fell on his foot and ankle. He was taken to the Rapides Parish General Hospital where Dr. T. E. Banks diagnosed his injury as comminuted, closed fractures of the tibia and fibula bones of the left leg, just above the ankle. Plaintiff's leg was put in a long *1260 cast until January 2, 1976, when a less restrictive cast was substituted. Following the removal of this cast on April 27, 1976, plaintiff remained under the care and supervision of Dr. Banks until March of 1977.
Defendants paid workmen's compensation benefits at the rate of $85 per week (the total paid amounting to $5,410, including all medical). Upon receipt of a medical report from Dr. Banks dated March 17, 1977, benefits were terminated. Subsequently, plaintiff brought this suit to recover workmen's compensation benefits for total and permanent disability. The trial court reinstated plaintiff's workmen's compensation benefits but did not allow penalties and attorney's fees. Both plaintiff and defendants have appealed.
TOTAL AND PERMANENT DISABILITY
The testimony indicates that Jones is disabled because of substantial pain. Plaintiff, his wife and brother-in-law all testified that Jones continues to suffer pain from his injury. His leg swells after he has been working. (TR. 52, 67, 68). Although plaintiff has returned to work, he says that he was forced to do so to support his family after termination of benefits. (TR. 31). According to Jones, he can only work a few hours a day because of constant pain in his leg. (TR. 37, 38). Sandifur, his present employer, stated that Jones continually complains of pain while on the job and that he can only work until about 10:00 A.M. before he is unable to continue due to the pain in his leg. (TR. 63, 64). The medical testimony of Dr. Banks supports plaintiff's position and indicates that Jones will continue to experience work related pain from his injury. In Dr. Banks' opinion, plaintiff's condition will not improve further and he will continue to experience pain of the same intensity in the future. (TR. 87, 88, 95, 96).
Even though a workman returns to the same type of employment after incurring an injury because of economic necessity, the worker is totally and permanently disabled, if he can function only with substantial pain. Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3 Cir. 1977), writ refused, 353 So.2d 1048. Rachal v. Highlands Ins. Co., 355 So.2d 1355 (La. App. 3 Cir. 1978), writ denied, 358 So.2d 645. The evidence here is that plaintiff's pain restricts full performance of his duties at work.
Defendants contend that plaintiff's disability does not result from the work-related accident, but rather from a degenerative condition in plaintiff's knee which predates the occurrence of the accident. Plaintiff did suffer from an arthritic defect in his left knee, but Dr. Banks said that any problem he is currently experiencing with his knee is "tied in" to the accident. (TR. 101).
There is no error in the finding of total and permanent disability.
PENALTIES AND ATTORNEY'S FEES
A more serious question is presented by the penalties issue. Plaintiff contends that the trial court erred in failing to award penalties and attorney's fees. Defendants contend that, following the receipt of the report by Dr. Banks, they were entitled to discontinue compensation payments. The key paragraph in the report reads as follows:
"I feel this man should be discharged from active medical care, and he was told that I felt that nothing else was necessary to be done. I think that he has approximately an 18 per cent disability in the left lower extremity due to chronic trauma and chronic synovitis in the left ankle. I think that he can work with this disability with some limitation at the present time on squatting and/or climbing. It is entirely possible that within the next 90 to 120 days that this disability will decrease." (TR. 113).
There is no doubt that when the defendants are informed by a medical report that an injured employee is fully recovered and discharged to return to work, compensation benefits may be discontinued without liability for penalties. However, the language of Dr. Banks indicates a substantial (18%) disability of the left leg and *1261 chronic synovitis, which is inflammation of a synovial membrane usually with pain and swelling of the joint (Webster's Third New International Dictionary, G. & C. Merriam Co., C.1971, p. 2321). Plaintiff was described as being able to return to work, but with a disability and a limitation on squatting or climbing. The doctor's release can hardly be said to be complete or without limitation.
When the insurer receives an equivocal medical report, such as that by Dr. Banks of March 17, a duty arises to make further investigation to determine whether plaintiff could return to work and could satisfactorily perform his previous duties. Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App. 3 Cir. 1973); Burlew v. Houston General Ins. Co., 346 So.2d 1301 (La. App. 3 Cir. 1977).
In the present case, the employer, Mayo Arnold, testified that Jones reported back to work after his discharge and tried to perform his regular duties. Plaintiff was described as being able to work only an hour or two after which he told Arnold that he could not do the work. He did not work thereafter for Arnold. (TR. 60).
Considering the doctor's report and the subsequent events, the termination of weekly compensation benefits by the insurer was arbitrary, capricious and without probable cause. Therefore, plaintiff is entitled to an award of penalties and attorney's fees; the failure to make such an award by the trial court was clearly erroneous.
Therefore, the judgment is affirmed insofar as it awards Monroe Jones weekly compensation benefits for total and permanent disability, but it is reversed insofar as it fails to award penalties and attorney's fees.
An attorney's fee of $2,500 would be appropriate considering the nature of the case, the skill of counsel, the result achieved and the time apparently involved. This was not a complex case; the witnesses were few; the deposition testimony of only one doctor was required. The attorney's fee includes both trial and appeal.
It is ordered, adjudged and decreed that there be additional judgment herein in favor of Monroe Jones, plaintiff, and against Mission Insurance Company, defendant, in the amount of twelve (12%) percent of all weekly workmen's compensation payments due and payable from March 17, 1977, and more than sixty days overdue, and for an attorney's fee in the amount of $2,500.
Costs of all proceedings, both in he trial court and on appeal, are taxed against the defendants.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.