LEMMON, Judge.
Plaintiff’s corporate employer and its workmen’s compensation insurer have appealed from a judgment awarding plaintiff compensation benefits based on total and permanent disability. The principal issues are (1) whether plaintiff in fact has suffered substantial pain while working regularly in the same or similar type of employment since the compensable accident and (2) whether an employee who continues to work in the same or similar type of employment, but does so in substantial pain, is totally disabled within the contemplation of R.S. 23:1221, as amended in 1975.
I
In September, 1976 plaintiff, a 39 year-old iron worker and welder, injured his wrist and shoulder in a fall on the job. He continued to work daily through January, 1977, when his employment was terminated as part of a general reduction of the employer’s work force. After a brief period of unemployment, plaintiff obtained employment as an electrician welder (similar but perhaps less strenuous work) and continued to work regularly thereafter. At the time of the May, 1978 trial, he had not missed any work (except for the brief period of unemployment), had never been hospitalized or undergone surgery, had not sought medical attention or taken any medication in about a year, and was earning higher wages than at the time of the accident.
On the day of the accident plaintiff was referred to an industrial physician, who diagnosed sprains of the shoulder and wrist. When plaintiff’s complaints persisted after several weeks of treatment (during which time he continued to work regularly), he was referred to Dr. Alldredge, an orthopedic surgeon.
Dr. Alldredge found a normal range of shoulder and wrist motion, despite tenderness in both areas. The doctor administered cortisone injections, and plaintiff improved steadily through his last visit on November 8, 1976, at which time he was “greatly improved”.
Dr. Alldredge explained that the diagnosed shoulder condition of biceps tendonitis is irritation of the tendon, which is encased in a sleeve of ligaments and tissues in the shoulder and upper arm. He opined that pain from this type of tendonitis generally resolves in two to three months, and that the patient “nearly always” achieves complete recovery without residual disability. He added that rarely is biceps tendonitis curable only by surgery, but admitted *777 that in these rare instances the patient would continue to experience pain.
Plaintiff did not seek further medical attention until February, 1977, when he consulted Dr. Adatto, an orthopedic surgeon, who diagnosed biceps tendonitis of the shoulder and reactive synovitis of the wrist. The doctor prescribed medication, and when plaintiff’s complaints of shoulder pain persisted, he recommended surgical rerouting of the biceps tendon. Plaintiff declined, expressing fear that he might have less use of the arm after surgery.
At trial Dr. Adatto stated that biceps tendonitis produces pain, particularly in certain uses such as lifting, extending, rotating or other activities where the tendon is stretched or is moved from point to point. However, he never spoke of plaintiff’s condition in terms of substantial or disabling pain, but simply stated that the degree of pain is subjective and depends on the particular individual’s ability to tolerate pain.
On the basis that the tendonitis is likely to be a chronic problem the doctor assigned a disability of the shoulder of less than five per cent, with no limitation of function “as long as he is able to work”.
II
On this record the trial court could only have found that plaintiff was totally disabled because he was working in substantial pain in order to earn a living. Such a factual finding is at best minimally supported by the record. The medical evidence arguably concedes that chronic pain can exist from biceps tendonitis, and considerable lay evidence (apparently accepted by the trial court) established plaintiff had consistently complained of pain since the accident and had requested assistance in chores he had previously handled by himself. Despite the lack of medical testimony that the pain was substantial or disabling, we accept the factual finding that plaintiff did endure substantial pain in continuing employment, and we proceed to consider the legal issue of whether the overall evidence supports a finding of total disability.
There have been few judicial decisions since the 1975 amendment which discussed the role of substantial pain in the determination of the extent of disability. See Johnson, Work of the Louisiana Appellate Courts for the 1977-78 Term — Workman’s Compensation, 39 La.L.Rev. 881, 883 (1979). Prior to the 1975 amendment an employee was deemed totally disabled if he was physically unable to perform work of the same or similar character to that which he was accustomed to performing at the time of his injury [Knispel v. Gulf States Util. Co., 174 La. 401, 141 So. 9 (1932)], or if he was unable to do so without enduring substantial pain [Brannon v. Zurich Gen. Accident & Liab. Ins. Co., 224 La. 161, 69 So.2d 1 (1953)]. On the latter issue the courts have reasoned that the law does not require an employee, in order to make a living, to work in significant pain that would disable others who are in a better economic position. The evident logic is that the employee who works in substantial pain because of economic necessity could collect compensation by refraining from work and should not be penalized because he works under circumstances that most would not.
In apparent response to numerous complaints of grossly inadequate benefits to totally disabled employees and of abusive awards of benefits to employees not actually disabled from earning wages, the legislature adopted the 1975 amendment which redefined total disability and partial disability and substantially increased benefits for total disability. The apparent purpose was to treat as partially disabled many of the type of claimants who would previously have been treated as totally disabled, although actually earning significant wages, and the substantial enhancement of benefits payable to totally disabled employees apparently represents the countervailing legislative concession in the balancing of interests.
The primary purpose of the compensation system is to provide payments for loss of earnings because of disability and not to provide payments for the injury which caused the disability or for resultant *778 pain and suffering. All relevant factors of each individual case must be considered in the judicial determination of entitlement to benefits based on inability to earn wages. The fact of continued earnings is always an important factor, and the faet of the employee’s enduring substantial pain while earning those wages has been a judicially imposed exception in mitigation of the fact of continued earnings.[1]
There is another practical consideration raised by the fact that a particular employee must endure substantial pain in continuing to earn wages. When the particular employee cannot continue in gainful employment without suffering substantial pain caused by the compensable injury, the logical inference is that he has a residual partial disability which eventually is likely to worsen. Because courts are called upon to grant or deny payment of benefits and not to defer payment, the tendency would be to grant benefits in case of doubt, rather than to deny benefits in a final adjudication. This consideration no doubt was an unexpressed factor in the judicial decision to award total disability benefits to an employee who continued to earn wages (and thus literally was not totally disabled), but endured substantial pain in doing so.
The 1975 amendment offers an attractive alternative to an award of total disability benefits in this situation. A judgment decreeing partial disability allows the payment of benefits to be deferred when an employee is earning as much as or more than he did at the time of injury, so that an employer does 'not have to pay benefits during the weeks the employee maintains full earnings, while the employee is protected during those weeks (up to the statutory maximum) in which the pain prevents him from earning any wages or limits his earnings to an amount less than the benefits due. And if and when the pain from the original injury eventually prevents the employee from working (assuming the causal relationship), the employee will be entitled to total disability benefits.[2]
We conclude that, under the 1975 amendment to R.S. 23:1221, an employee is generally not totally disabled if he can “engage in any gainful occupation for wages”, R.S. 23:1221(2), [unless he fits into the classification of an “odd-lot” worker — see 2 Larson, Workmen’s Compensation Law, § 57.51 (1976)]. Rather, such an employee is partially disabled to perform the duties in which he was customarily engaged, R.S. 23:1221(3). And when the employee can perform such duties, but only in substantial pain, he is still only partially disabled. Nevertheless, the award of benefits for partial disability protects the employee when and if the disability causes his earnings to diminish temporarily or to cease, so that he will not be faced with an adjudication of no disability that has acquired the authority of the thing adjudged.
We therefore conclude that fairness and justice, as well as the spirit of the 1975 amendment, requires the judgment in favor of this plaintiff (who at best has only some partial disability) to be modified to award benefits based on partial disability. Since plaintiff has actually earned more wages every week since the injury than he did at the time of the injury, there are no benefits presently due. In any week in the future that the September, 1976 injury prevents plaintiff from earning full wages, benefits are. due in the amount of the difference between the wages he was earning at the time of the injury and any lesser wages he actually earns in that week in any gainful occupation for wages, until there has been a *779 payment of benefits for a total of 425 weeks or until the pain caused by the injury either becomes insubstantial or becomes totally disabling.

AMENDED AND RENDERED.

BEER, J., concurs and assigns reasons.
GULOTTA, J., dissents and assigns reasons.
CHEHARDY, J., dissents for the reasons assigned by GULOTTA, J.

. Since workmen’s compensation benefits are payments substituting in part for lost wages, rather than compensating (as do tort awards of general damages) for pain and suffering, the fact' of pain would be otherwise irrelevant in a compensation case.
The ultimate test for degree of disability is the capacity to earn wages after the accident. The fact of actual earnings over a sustained period after the accident is not a conclusive measure of earning capacity, but does constitute an important consideration in the ultimate determinátion, and all circumstances bearing on those earnings are relevant considerations.

. See R.S. 23:1331, which provides for review when the employee’s incapacity increases or diminishes subsequent to the judgment.