387 So.2d 1093 (1980)
Ethel B. WHITAKER, Individually and as Administrator of the Estate of her Minor Child Jimmy Dell Whitaker
v.
CHURCH'S FRIED CHICKEN, INC., et al.
Ethel B. WHITAKER, Individually and As Administrator of the Estate of her Minor Child Jimmy Dell Whitaker
v.
Charles BATISTE and the Fireman's Fund Insurance Company.
No. 65401.
Supreme Court of Louisiana.
April 7, 1980.
Concurring Opinion October 3, 1980.
*1094 Breazeale, Sachse & Wilson, Henry D. Salassi, Jr. and Jay G. McMains, Lane & Clesi, Frank A. Fertitta, Watson, Blanche, Wilson & Posner, David Robinson, Baton Rouge, for defendants-respondents.
Smith & Osborne, J. Arthur Smith, III, Baton Rouge, for plaintiff-applicant.
WATSON, Justice.
These consolidated lawsuits involve claims for workmen's compensation benefits and tort damages. As to the tort claim asserted against Charles Batiste and Fireman's Fund Insurance Company, the trial court concluded that Whitaker was barred from recovery by his contributory negligence. The judgment of the trial court was affirmed by the Court of Appeal. See 373 So.2d 1371. The trial court was not clearly in error and was correctly affirmed. We likewise affirm the judgment insofar as it dismisses the claim for damages.
The workmen's compensation suit was brought by Mrs. Ethel B. Whitaker, individually and as administrator of the estate of her minor child, Jimmy Dell Whitaker, against his employer, Church's Fried Chicken, Inc., and its insurer, Fireman's Fund Insurance Company, seeking benefits under the Compensation Act. Plaintiff, Jimmy Dell Whitaker, was injured on April 27, 1976, at the age of sixteen, while employed by Church's; he was substituted as plaintiff upon reaching majority. The compensation suit presents more difficult issues: (1) Does Whitaker suffer substantial pain resulting from his injuries in attempting to work, and (2) if so, is he totally and permanently disabled within the contemplation of the Workmen's Compensation Act.
In the workmen's compensation suit, the Court of Appeal reversed the trial court's award of $25.00 per week for 75 weeks as benefits for permanent disfigurement on the ground that the scarring did not involve the face or head as required by LSA-R.S. 23:1221(4)(p).[1] The trial court judgment was amended to award plaintiff Whitaker future medical payments as needed against Church's Fried Chicken, Inc., and its compensation insurer, Fireman's Fund Insurance Company.
A writ was granted by this court on Whitaker's application to review the question of whether Whitaker is entitled to compensation benefits for total and permanent disability, LSA-R.S. 23:1221(2).[2]
The trial and appellate courts concluded that Whitaker is not disabled from performing janitorial work, the same kind of work he was performing when he was injured. Both courts were impressed by the fact that Whitaker is working as a janitor, and they therefore failed to seriously address the question of whether Whitaker is disabled because he can only work in substantial pain and discomfort.
Whitaker suffered severe burns when he and a co-worker attempted to pour a barrel of hot grease into a larger barrel. When they lifted the barrel, their hands were burned, and they dropped it, spilling hot grease on plaintiff's legs. The more severe injury is to the left leg.
*1095 The trier of fact relied to a large extent on the testimony of the company doctor, Dr. Perry L. Chesney, who initially treated Whitaker but discharged him and advised him that he could return to work on an unlimited basis as of August 25, 1976. The testimony of Dr. Chesney must be to some extent discounted because both of the two specialists in plastic and reconstructive surgery who later examined plaintiff agreed that he had needed further medical attention, which he did not receive, and which would have prevented development of his thick hypertrophic or keloid scars. Both of these specialists, Dr. Wendell Howard Kisner, who testified for defendant, and Dr. Delio D. Delgado, who testified for plaintiff, were of the opinion that, at the time of trial, on May 16, 1978, Whitaker needed additional medical treatment. Although Dr. Kisner would have recommended a conservative approach for six months, consisting of moisturizing agents and elastic wraps, Dr. Delgado felt that immediate surgery was advisable. Also, Dr. Chesney last examined plaintiff almost two years before the time of trial, and the other two doctors were not only specialists in the field, but evaluated plaintiff's condition at a much later time.
The Court of Appeal concluded: "We do not find that any temporary itching caused by the permanent scars remaining after being burned by the hot grease affects in any manner his ability to perform his janitorial work." The basis for finding the itching to be "temporary" is not in the record. Both of the specialists who examined plaintiff agreed that he had itching; that he would continue to have it; and that it would continue to bother him. The distinction in their testimony is that Dr. Delgado felt the itching was disabling whereas Dr. Kisner did not. Neither referred to it at any point as "temporary". Dr. Kisner agreed with Dr. Delgado that Whitaker's work is impaired by the itching and the psychological effect of the burns. Dr. Kisner said:
"I think that [the itching] would bother him." and
". . . he thinks about it a lot and that bothers him. . . . I can't say that if I had it I wouldn't be thinking about it too." Kisner Deposition, at page 33.
Dr. Delgado gave detailed testimony about the burn scars, which he regarded as unstable, subject to irritation, infection, and ulceration, followed by additional scarring in a vicious cycle. His testimony is not only more persuasive than that resulting from the more superficial examination of Dr. Kisner, but it was corroborated by the testimony of plaintiff and two lay witnesses. All testified without contradiction that Whitaker works in substantial and severe pain. Two other lay witnesses did not testify because their testimony would have been merely cumulative. Charles Michael Harris, a co-worker, had observed Whitaker scratching and grabbing his leg with severe pain. According to Harris, Whitaker has to pause in his work from time to time. Ethel Whitaker, with whom plaintiff has lived all of his life, testified that he has pain and severe itching in the leg, which causes him to dig and scratch at his scars. Whitaker says he hurts every day at work; his left leg gets weak, sweats and is tender. He has spasms of pain which last from ten to fifteen minutes. The pain increases after a day of work, causing the scars to sting and itch. The pain, tenderness, itching, and weakness interfere with his work. In hot weather the itching is worse and in cold weather the scar hardens, dries and feels as though it is going to crack.
Dr. Delgado felt that Whitaker could only work in a controlled environment in an indoor sedentary type of occupation. The testimony of George Cranford, an expert in job placement, was that Whitaker is unfitted for such employment because of his limited education. Whitaker had four years of grammar school before being placed in special education at Scotlandville Junior High School. He worked as a janitor at Scotlandville, and received further janitorial training at the Choctaw Vocational Center. Most indoor jobs require clerical skills, reading comprehension, and record keeping, all of which are beyond Whitaker's meager *1096 abilities. According to Cranford, Whitaker can follow only simple instructions, and his job potential is limited to the public sector, since government entities are more likely to tolerate people with physical handicaps and disabilities. Whitaker was in fact working at the Baton Rouge Zoo at the time of trial.
The uncontradicted testimony of plaintiff and the lay witnesses is exactly that of Dr. Delgado, who testified that the constant itching which Whitaker experiences is characteristic of keloid scars; that Whitaker has an intolerance of temperature and climate changes; and, that his symptoms will be aggravated by any manual labor. Whitaker's complaints of intermittent or episodic pain and near constant tenderness were, in Dr. Delgado's opinion, completely consistent with his physical findings. Dr. Delgado testified that Whitaker will always be uncomfortable, even at rest, and that time will aggravate his scars. Since the unrebutted testimony of the lay witnesses completely supports Dr. Delgado's testimony, the trial court erred in accepting Dr. Kisner's opinion that Whitaker is not disabled. See West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Dr. Kisner's medical idea of disability is not necessarily the legal one, and part of his testimony, quoted supra, confirms Dr. Delgado's opinion.
The evidence that Whitaker works in constant pain greatly preponderates. A finding of substantial pain requires that plaintiff be held disabled. Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3 Cir. 1977), writ denied 353 So.2d 1048 (La. 1978); Rachal v. Highlands Insurance Co., 355 So.2d 1355 (La.App. 3 Cir. 1978), writ denied La., 358 So.2d 645; Wright v. Liberty Mutual Insurance Co., 357 So.2d 1213 (La.App. 3 Cir. 1978) writ denied La., 360 So.2d 1180; Ashworth v. Elton Pickering, Inc., 361 So.2d 940 (La.App. 3 Cir. 1978) writ denied La., 362 So.2d 1119; Bonnette v. Travelers Insurance Co., 367 So.2d 1261 (La.App. 3 Cir. 1979); Simmons v. State Department of Transportation, 368 So.2d 770 (La.App. 2 Cir. 1979); Jones v. Arnold, 371 So.2d 1258 (La.App. 3 Cir. 1979); Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La.App. 3 Cir. 1979).
See the article by Professor H. Alston Johnson, III at 39 La.Law Review 883, which points out that the "working in pain jurisprudence", 39 La.L.Rev. 886, continues to be viable under the definition of total disability in the 1975 amendments to the compensation act. It is noteworthy that even though Whitaker is still doing janitorial work, he has held a succession of jobs and has not remained long with any one employer. Whitaker is a marginal employee, at best, illustrated by the fact that his upper elementary and secondary education was in the field of janitorial training. The trial and appellate courts were clearly wrong in finding that Whitaker is not totally and permanently disabled, within the contemplation of the Workmen's Compensation Act.
As a practical matter, Whitaker is unable to engage in any gainful occupation for wages. At present, fortified by his youth, he ignores that disability and works in pain.

DECREE
For the foregoing reasons, the judgment of the Court of Appeal is affirmed insofar as it awarded plaintiff Whitaker medical benefits. The judgment of the Court of Appeal is reversed insofar as it denied Whitaker benefits for total and permanent disability. There was no error in denying the claim for penalties and attorney's fees.
Therefore:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Jimmy Dell Whitaker, and against defendants, Church's Fried Chicken, Inc., and Fireman's Fund Insurance Company, for weekly compensation benefits commencing April 27, 1976, at the rate of $25.00 per week (This was the applicable minimum rate in effect on the date of the accident. LSA-R.S. 23:1202.) during the period of Whitaker's disability, subject to credit for any weekly benefits previously paid, with legal interest on any unpaid benefits from due date until payment, and for medical benefits according to law.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
*1097 MARCUS, J., concurs and assigns reasons.
DENNIS, J., concurs with reasons.
MARCUS, Justice (concurring).
I consider that an employee is totally and permanently disabled when substantial pain is encountered by him in every occupation for which he is qualified. In the instant case, Whitaker is unable to engage in physical labor without encountering substantial pain and because of his limited education, he is unqualified to engage in non-physical occupations. Therefore, Whitaker is unable "to engage in any gainful occupation for wages." Accordingly, I respectfully concur.
DENNIS, Justice, concurring.
I respectfully concur. In view of the 1975 amendment to La.R.S. 23:1211, I believe that substantial pain cases should be incorporated into the broader analysis of disability using the odd-lot doctrine. See Malone & Johnson, Workers' Compensation § 277 in 13 Louisiana Civil Law Treatise 627 (2d ed. 1980).
NOTES
[1] LSA-R.S. 23:1221(4)(p):

"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks."
[2] LSA-R.S. 23:1221(2):

"For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability."