LABORDE, Judge.
This is a workmen’s compensation case. The plaintiff-appellee, S. T. Reliford, injured his left ankle in an accident arising out of and in the course of his employment as a pulpwood cutter for the defendant-appellant, Dobson Pulpwood Company. He was paid disability benefits for 104 weeks until his doctor released him to return to work. The plaintiff contends that due to the pain he suffers from his injury he is unable to perform work of any reasonable character for which he is suited by reason of his age, training and experience. The trial judge found the plaintiff to be permanently and totally disabled under the workmen’s compensation law. Dobson Pulpwood Company and its workmen’s compensation insurer, American Mutual Liability Insurance Company, appeal.
The record reflects that plaintiff, S. T. Reliford, a forty-five year old laborer who dropped out of school in the seventh grade to go to work, was employed as a pulpwood cutter and loader with Dobson Pulpwood Company. While at work on September 27, 1977, a large log being loaded onto a truck fell on plaintiff striking his lower left leg and knocking him from the top of the truck to the ground. Plaintiff was momentarily knocked unconscious and upon regaining consciousness, complained of pain to his left ankle.
The plaintiff was first treated by Dr. Fred S. Willis in Coushatta, Louisiana, with conservative care, mild physical therapy and medication for pain and inflammation. Plaintiff continued to experience pain and swelling of his left ankle and foot and was referred to Dr. W. W. Fox, an orthopedic surgeon in Shreveport, Louisiana. Dr. Fox examined the plaintiff on November 8, 1977. At that time he diagnosed plaintiff as having a sprain and contusion or bruise over the lateral part of the left foot and ankle. Dr. Fox again examined plaintiff on February 23, 1978. Following the examination, Dr. Fox felt plaintiff had chronic pero-neol tendinitis which was post-traumatic due to his job-related injury. Plaintiff continued to have trouble and on March 21, 1978, Dr. Fox admitted plaintiff into the hospital and the following day performed surgery known as the Ellis-Jones procedure. Plaintiff continued to see Dr. Fox. On *583 December 5,1978, Dr. Fox released plaintiff to return to his former duties as a pulpwood laborer.
Plaintiff, alleging that he is unable to return to work due to pain, seeks to be declared permanently and totally disabled within the meaning of the compensation act.
When this case came to trial in August of 1980, plaintiff still was not working. He testified that he attempted to return to work after his discharge by Dr. Fox but claims the pain he experienced in his ankle forced him to quit. He also testified that upon exertion, he experiences pain and swelling in his left foot. The plaintiff’s family and friends testified that before his accident he was an active person and a hard worker but after his injury he became inactive and often complained of the pain in his left foot. Plaintiff has not worked since his attempt to return to work cutting pulpwood.
The medical reports of Dr. Fred Willis, a practicing general physician who treated plaintiff initially, were introduced in evidence in lieu of his testimony. These reports indicate that plaintiff went to Dr. Willis complaining of severe foot pain. Generally, Dr. Willis found plaintiff’s left foot to be grossly swollen, red, tender and unable to bear weight on it. After several visits, Dr. Willis notes that plaintiff’s foot progressively worsened.
The deposition of Dr. Fox, the orthopedic surgeon who treated plaintiff and performed the surgery, was also introduced in evidence in lieu of his testimony. Dr. Fox found that plaintiff experienced more swelling in his left foot for a longer period of time than was expected. The plaintiff remained in a cast until July 20, 1978. Upon removal of the cast, plaintiff’s foot was still swollen and causing him pain. Dr. Fox began treatments to reduce the swelling and inflammation having the plaintiff return each month for an examination. On December 5, 1978, Dr. Fox’s examination revealed very little remaining swelling and a good range of motion in his left foot and ankle. Dr. Fox assessed a 15% partial permanent disability of plaintiff’s left foot and released him to return to work.
The primary issue posed by this appeal is whether the trial court erred in finding plaintiff totally and permanently disabled.
A worker who is unable to return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Whitaker v. Church’s Fried Chicken, Inc., 387 So.2d 1093 (La.1980). Substantial pain cases fall within the framework of the odd lot doctrine which was adopted by the Supreme Court in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). See also Whitaker v. Church’s Fried Chicken, Inc., supra; Dusang v. Henry C. Beck Builders, Inc., supra; Turner v. American Mutual Insurance Company, 390 So.2d 1330 (La.1980); Allor v. Belden Corporation, 393 So.2d 1233 (La.1981); Wilson v. Ebasco Services, Inc., supra; Lattin v. Hica Corporation, 395 So.2d 690 (La.1981).
In the Lattin case, supra, the Supreme Court explained:
“Under the odd lot doctrine, a claimant is considered totally disabled if his injury makes him an odd lot in the labor market, that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity that a reasonably stable market for his services does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training, age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously *584 available to the employee within reasonable proximity to the employee’s residence. The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant’s pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him. On the other hand, if a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity to perform other jobs which are available, he should be considered partially disabled. Dusang v. Henry C. Beck Builders, Inc., supra.”
In the instant case, plaintiff testified that the pain in his foot and ankle increases upon exertion such as standing, even for short periods of time. Due to the pain, plaintiff has only attempted to work for a brief part of one day since his injury. His friends and relatives testified that he was an active person and a good worker prior to the injury but after his injury he became inactive and complained constantly about the pain in his foot. Although Dr. Fox believed that plaintiff could return to work, he did point to objective medical findings to support his claim of pain. In addition, Dr. Fox gave him a disability rating of 15% permanent partial disability to the ankle with limited motion in his lower extremities. Finally, although he believed plaintiff was able to return to work, Dr. Fox did not feel that plaintiff was a malingerer.
In addition to claims of substantial pain, the record reveals that plaintiff is a forty-five year old man who has lived in the rural community of Chestnut, Louisiana, his entire life. Upon reaching the seventh grade, he quit school and went to work. The plaintiff’s work history reveals a series of jobs involving hard, manual labor. At the time of the accident, plaintiff had worked as a pulpwood cutter for Dobson Pulpwood Company approximately two years. The trial judge observed the plaintiff could hardly read and write.
We believe the evidence establishes a prima facie case for application of the odd lot doctrine. The evidence shows the plaintiff to be a manual laborer with little education and few skills. The pain experienced by plaintiff limits the type of work available to him and severely restricts his ability to compete in the labor market. However, under the odd lot doctrine standards adopted by the court in the Oster case, supra, defendants should be given the opportunity to reduce the award of plaintiff’s benefits from permanent and total disability to partial disability by presenting evidence that •some form of gainful occupation is regularly and continuously available to plaintiff within a reasonable proximity to his residence. Accordingly, the judgment of the trial court awarding compensation benefits for permanent and total disability must be set aside and the case remanded to the district court to allow both parties to present additional evidence in light of the newly-adopted standards.
For the above reasons, the judgment of the district court is set aside and the case is remanded for further proceedings consistent with this opinion.
SET ASIDE AND REMANDED.