LOTTINGER, Judge.
This is a workmen’s compensation case. From a trial court judgment dismissing plaintiff’s suit, plaintiff has appealed.
FACTS
On February 9, 1978, plaintiff, Guy Vernon (a self-employed person engaged in cutting and hauling pulp wood), injured his back while attempting to free his saw which was caught in a tree limb. Defendants, Triangle Timber, Inc. and Aetna Casualty and Surety Company admit the accident and injury but deny the injuries are permanent. Plaintiff sells his timber to defendant Harmon Hyde, .who in turn sells to Triangle. Plaintiff reported his accident to Hyde who sent him to Dr. Carlton Faller.
After three visits Dr. Faller diagnosed a lumbar disc herniation and referred plaintiff to Dr. John R. Clifford, a neurosurgeon.
Dr. Clifford examined plaintiff on February 22, 1978, and hospitalized him for conservative treatment from February 25 to March 1. Diagnosis at time of discharge from the hospital was a lumbar disc rupture. Plaintiff was readmitted to the hospital from May 16 to May 18 because of continued pain. Dr. Clifford saw plaintiff several times later on until he sent plaintiff back to work without restriction on June 14, and finally discharged plaintiff on August 17, 1978, to return to his former occupation, finding plaintiff’s back had healed to within normal limits.
Lastly, plaintiff was examined by Dr. Stuart I. Phillips, an orthopedic surgeon, on February 16, 1979. At this time plaintiff complained of pain in his back and down his right leg associated with numbness and tin *679 gling. Dr. Phillips reported that plaintiff’s symptoms were worsened with activity and assigned a 10 percent disability rating based on the fact that in plaintiff’s line of work a recurrence would be very likely as would be pain with lifting and stooping. The doctor explained that 10 percent disability meant plaintiff should perform only light industrial tasks and could not do repetitive heavy lifting, bending or stooping. He additionally found that it would be unlikely for a 53-year-old man to completely recover from this type of injury.
Plaintiff testified that he was unable to work full time and that his children did most of the work for him. His wife confirmed this testimony and stated that he suffered at night and that he did not help out around the house as much as he did prior to the accident.
FINDINGS OF THE TRIAL COURT
The trial court concluded that plaintiff was not totally and permanently disabled, but that he did have disability of 10 percent of his total body function.. The trial judge further concluded that as of the date compensation payments were terminated, plaintiff had fully recovered and was able to return to his employment, even though he was slightly hampered.
SPECIFICATION OF ERROR
Plaintiff-appellant contends that the trial court was in error in failing to find him totally and permanently disabled after finding a 10 percent total body function disability. Additionally plaintiff-appellant contends that the trial court erred in failing to apply the doctrine of “odd lot” workers to his claim.
The only expert witness who found any disability on the part of the plaintiff at the time that he returned to work or subsequent thereto was Dr. Phillips who awarded a 10 percent total body function disability. This is the same disability found by the trial judge, except that the trial judge was of the opinion that even with a 10 percent disability of tot^l body function plaintiff was fully recovered so as to return to his normal occupation. This, we are of the opinion, is where the trial judge fell into error. To accept the 10 percent disability figure as found by Dr. Phillips but to refuse to accept the explanation by the medical expert of what that 10 percent disability consists is manifestly erroneous and clearly wrong. It is unquestioned that the repeated bending and stooping inherent in plaintiff’s occupation will cause plaintiff a certain amount of pain. Under the “odd lot” doctrine, a worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Whitaker v. Church’s Fried Chicken, Inc., 387 So.2d 1093 (La.1980).
Cases involving substantial pain should be analyzed within the framework of the “odd lot” doctrine adopted by the Louisiana Supreme Court in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). However, the instant case was tried on January 23, 1980, whereas Oster was handed down on November 10, 1980. Thus it is apparent that at the trial of the instant case neither side could have been aware of the “odd lot” doctrine not yet adopted in this state. Considering that with a 10 percent disability function of the total body, repeated heavy lifting, bending and stooping are not recommended for the plaintiff, and considering that the plaintiff’s occupation entails these activities every day, this court is convinced that plaintiff suffers substantial pain as a result of his endeavors to return to his normal job function. Thus, we are of the opinion that this case is ripe to determine whether plaintiff falls within, the “odd lot” doctrine, i.e., whether the plaintiff’s physical condition (including the amount of pain he suffers), combined with his mental capacity, education, training, age, and other factors render plaintiff an “odd lot” in the labor market, whose services are so limited in quality, dependability, or quantity that a reasonably stable market for his services does not exist. See Lattin v. HICA Corporation, 395 So.2d 690 (La.1981). Therefore, *680 we remand this matter to the trial court for the limited purpose of receiving testimony and evidence to determine whether plaintiff falls within the “odd lot” doctrine. La.C. C.P. art. 2164.
Therefore, for the above and foregoing reasons this matter is remanded for further proceedings consistent with the views expressed hereinabove. Costs of this proceeding are assessed to defendants-appellees.
REMANDED.