442 So.2d 674 (1983)
Guy VERNON
v.
AETNA LIFE AND CASUALTY INSURANCE COMPANY, et al.
No. 83 CA 0204.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*675 Jerome Friedman, Metairie, for plaintiff-second appellant Pauper.
Iddo Pittman, Jr., Hammond, for defendant-first appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court in a workmen's compensation case finding the plaintiff totally and permanently disabled under the "odd-lot" doctrine.

*676 FACTS
On February 9, 1978, plaintiff, Guy Vernon (a self-employed person engaged in cutting and hauling wood), injured his back while attempting to free his saw which was caught in a tree limb. It was stipulated that plaintiff was injured while working in the course and scope of his employment for defendants, Triangle Timber, Inc. and Harmond Hyde. Over the course of the next year, plaintiff was examined and treated by three different physicians, however, he continued to suffer pain in his back and down his right leg.[1] He did return to the hauling business in August of 1978, despite his condition, in order to support his family. He continued to work sporadically until Christmas of 1981 at which time he quit work altogether due to the pain.
The plaintiff brought suit to collect workmen's compensation benefits he alleged were due him and trial was held on January 21, 1980. The trial court concluded that plaintiff was not totally and permanently disabled, but that he did have a disability of 10 percent of his total body function. The trial judge further concluded that plaintiff had fully recovered and was able to return to his job, even though he was slightly hampered.
On appeal, this court remanded the case to the trial court for the limited purpose of receiving testimony and evidence to determine whether plaintiff falls within the "odd-lot" doctrine.[2]
On remand, the trial court heard testimony from the plaintiff, his wife, and a vocational rehabilitation expert. The trial judge concluded that plaintiff did indeed fail under the "odd-lot" doctrine and was therefore totally and permanently disabled and entitled to $130.00 per week compensation from the date of the accident. The defendants appeal assigning as error the inclusion of the plaintiff under the "odd-lot" doctrine as well as the amount and method used in determining his compensation benefits.

THE ODD-LOT DOCTRINE
A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. La.R.S. 23:1221(2); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980). Since the Louisiana Supreme Court's decision in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), cases involving substantial pain are analyzed within the framework of the "odd-lot" doctrine.
In Lattin v. Hica Corporation, 395 So.2d 690, 693 and 694 (La.1981), the court gives the complete analysis to be used:
Under the odd lot doctrine, a claimant is considered totally disabled if his injury makes him an odd lot in the labor market, that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity that a reasonably stable market for his services does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously available to the *677 employee within reasonable proximity to the employee's residence.
The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him.
It was established at trial that plaintiff had a 10 percent disability of the total body and could not do repeated heavy lifting, bending, and stooping. It was also established that plaintiff's occupation as a wood cutter and hauler entails these activities every working day. Both the plaintiff and his wife testified as to the pain which plaintiff suffers upon engaging in these activities.
The defendants make much of the fact that the plaintiff returned to work in the wood hauling business several months after his accident and continued to work off and on for over two years. They also point out the fact that he substituted for a school bus driver for a short time in late 1980. We do not find the fact that Mr. Vernon attempted to work and support his family (including nine childrensix at home) determinative of this issue. Both the trial court and this court found that plaintiff suffered substantial pain as a result of his endeavors to return to his normal job function. As did the plaintiff in Whitaker, Vernon simply tried to ignore his disability and worked in pain.
At the time of the trial on remand, plaintiff was 56 years old. He had only completed the seventh grade in school and had never had any other training or education which would qualify him for any other occupation. An expert witness in vocational rehabilitation, Cornelius Gorman, testified that plaintiff was a functional illiterate, with an I.Q. of 82, which placed him in the 11th percentile of the population. Mr. Gorman stated that plaintiff's prospects of returning to work are dim and Gorman also stated that he was not aware of any jobs in the local economy that might be open to the plaintiff.
Using the analysis contained in Lattin, we find no manifest error in the trial judge's finding that plaintiff fits under the "odd-lot" doctrine and is totally and permanently disabled. The trial court's factual determination will not be disturbed on appeal unless a review of the record reveals that the decision is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).

COMPENSATION BENEFITS
The remaining issue in this appeal relates to the correctness of the trial court's determination that plaintiff was entitled to $130.00 per week in compensation benefits.
In order to calculate his compensation benefits, it is first necessary to establish plaintiff's average weekly wage at the time of the accident. La.R.S. 23:1021(10)(d) provides the formula as follows:
`Wages' means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (d) If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four...
Using that formula, plaintiff's average weekly wage amounted to $458.72.[3] Defendants *678 offer no evidence to refute this figure.
In accordance with Herrin v. Georgia Casualty & Surety Co., 414 So.2d 1323 (La.App. 2d Cir.1982), the trial court then determined that plaintiff was entitled to the maximum compensation benefit at the time, of $130.00 per week. The defendants argue that while citing Herrin, the trial court apparently did not use the proper method contained in Herrin in determining the plaintiff's rate of earning.
We note that the trial court did not detail what method it used in calculating plaintiff's true wage and, consequently, cannot tell whether or not adjustment was made for overhead as set out in Herrin; however, we find that the final figure reached was correct under the proper analysis.
In Herrin, 414 So.2d at 1327, the court quoted from 2 W. Malone & H. Johnson, Workers' Compensation, Sec. 327 in 14 Louisiana Civil Law Treatise 102-104 (1980) as follows:
The term `wages' means the amount earned by the employee through his own labor, rather than profits for his enterprising or rental for any equipment he may provide. Where an employee furnishes his own truck or other piece of equipment or provides his own helpers, an adjustment is ordinarily made in arriving at his wage so as to exclude those sums paid by the employer in remuneration for these items.
Two methods have customarily been used by our courts in making this adjustment. Often the courts select the wage of another worker who was doing the same work on a wage basis. The other method is to select the full per unit price or the gross wage paid, from which is deducted the reasonable rental value of the equipment and the amount paid to helpers. Sometimes the latter method is impractical because of the venturous nature of the undertaking.
No proof of another worker's salary, who was doing the same work as plaintiff, was offered into evidence. Neither did plaintiff keep any records of his expenses. Using the latter method suggested by Malone and Johnson, plaintiff's expenses would have had to have totaled 60% of his gross income in order to reduce the award of $130.00 per week.[4] There is nothing in the record which would indicate an overhead figure even close to 60% of his wage. The plaintiff testified that his children helped him in the business and were not paid salaries. That only leaves the expense and upkeep of his truck to be deducted. Plaintiff also testified that he did the necessary mechanical work on the truck himself. Under these circumstances we believe this method is substantially accurate and avoids another remand.
We therefore find no error in the trial judge's award of $130.00 per week in compensation benefits.
We do not find it necessary to consider plaintiff's argument that he is entitled to penalties and attorney's fees. Assignments of error not briefed nor argued are considered abandoned on appeal. Rule 2-12.4, Uniform Rules-Court of Appeal, State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983).
For the foregoing reasons, the judgment of the trial court awarding plaintiff workmen compensation benefits in the amount of $130.00 per week from the date of his accident is affirmed subject to credit for the amount of compensation paid. All costs of this appeal are to be paid by the defendants.
AFFIRMED.
NOTES
[1] A complete factual recitation, including plaintiff's medical history, is contained in the original opinion of this court, Vernon v. Aetna Life & Casualty Ins. Co., 409 So.2d 678 (La.App. 1st Cir.1981).
[2] The original trial was held on January 21, 1980, prior to the case of Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980) which was handed down on November 10, 1980. In Oster, the Louisiana Supreme Court adopted the "odd-lot" doctrine for the first time in this state.
[3] Total payments made to plaintiff during the twenty-six week period immediately preceding the accident amounted to $5,963.30. That figure reflects fifty-two actual payments which divided into $5,963.30, reflects a daily wage of $114.68. This is then multiplied by four to get the average weekly wage of $458.72.
[4] At the time of plaintiff's injury, the Louisiana Department of Labor's maximum average weekly wage was $194.75, of which only two-thirds was payable$129.83 (rounded off by statute to $130.00). $194.75 is only 42% of what plaintiff's gross average weekly wage was at the time of his injury. Therefore, plaintiff's expenses would have to amount to over 58% of his average weekly wage in order to merit a reduction in his compensation benefit. See Johnson v. Aetna Casualty & Surety Co., 422 So.2d 1187 (La.App. 1st Cir.1982), writ denied 429 So.2d 127 (La.1983).