MARC E. JOHNSON, Judge.
 

 12Defendant/Appellant, Patrick Chesser (“Mr. Chesser”), appeals the judgment dismissing his workers’ compensation claim with prejudice from the Office of Workers’ Compensation, District 7, Southern Division, and finding in favor of PlaintiffiAp-pellee, Dragon Express. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the pleadings, Mr. Chesser was an independent contractor, owner/operator for Minh So Quach d/b/a Dragon Express. On June 7, 2006, Mr. Chesser was hauling a container of rubber from New Orleans, Louisiana to a Michelin tire plant in Alabama. At approximately 9:15 a.m., while driving through Moundsville, Alabama, the back wheels of the trailer chassis disconnected, which caused the truck to jackknife and crash onto its side.
 

 Mr. Chesser was taken to DCH Regional Medical Center in Tuscaloosa, Alabama with multiple complaints of pain and was diagnosed with acute myofascial strain over his neck and lower back and multiple abrasions. The crash was reported that day to Dragon Express, who authorized the treatment at DCH Regional Medical Center for Mr. Chesser.
 

 |,.¡On June 29, 2006, Dragon Express filed an Employer Report of Injury/Illness form reporting Mr. Chesser’s injury and indicating that there would be a possible dispute. Later, a Notice of Payment form was completed on September 14, 2007 by the workers’ compensation adjuster, in order to suspend Mr. Chesser’s workers’ compensation payments. The reason stated for suspending Mr. Chesser’s payments was that the disability of Mr. Chesser was not related to the accident of June 7, 2006. Dragon Express filed an LDOL-1008 (the Disputed Claim for Compensation form) on September 18, 2007, in the Office of Workers’ Compensation, District 07, disputing Mr. Chesser’s entitlement to workers’ compensation. Mr. Chesser submitted an answer to the LDOL-1008 on November 8, 2007. On November 13, 2007, Mr. Chesser also filed an LDOL-1008 requesting cervical surgery and all benefits to which he was entitled under the Louisiana workers’ compensation laws, including penalties and attorney’s fees.
 

 A trial was held on the matter on July 23, 2008 before Judge John Grout. The record was held open until November 17, 2008 for submission of additional evidence and all exhibits. A judgment was rendered on July 9, 2009, wherein relief sought in the LDOL-1008, filed on September 18, 2007 by Dragon Express, was granted. Additionally, the trial court dismissed Mr. Chesser’s Disputed Claim for Compensation filed on November 13, 2007 with prejudice. Mr. Chesser appeals from this judgment.
 

 
 *1033
 
 ASSIGNMENT OF ERRORS
 

 On appeal, Mr. Chesser alleges that the trial court committed the following errors: 1) the trial court erred in dismissing the claim of Mr. Chesser for cervical disc surgery because Mr. Chesser proved by a preponderance of the evidence that the surgery was reasonably necessary for treatment of a medical condition caused by the work-related injury; 2) the trial court erred in dismissing the claim of Mr. Ches-ser for cervical disc surgery, where there was no medical evidence presented that surgery was not reasonably necessary; 3) the trial court erred in dismissing the claim of Mr. |4Chesser for ongoing wage benefits because appellant proved . by a preponderance of the evidence he was still in need of medical care and was unable to perform the duties of his occupation; and, 4) the trial court erred in denying an award to appellant of penalties and attorney fees for failure- of Dragon Express to authorize surgery and termination of wage benefits.
 

 LAW AND ANALYSIS
 

 The workers’ compensation laws provide coverage to an employee for personal injury by accident arising out of and in the course of employment. LSA-R.S. 23:1031(A). An employee must prove the chain of causation required by the workers’ compensation statutory scheme. He must establish that the accident was work-related, that the accident caused the injury, and that the injury caused the disability.
 
 DeG-my v. Palo, hie., 525
 
 So.2d 1124, 1130 (La.App. 1st Cir.),
 
 writ denied,
 
 530 So.2d 568 (La.1988). Initially, a workers’ compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury.
 
 Holiday v. Borden Chem.,
 
 508 So.2d 1381, 1383 (La.1987). Next, he must establish a causal connection between the accident and the resulting disability by a preponderance of the evidence.
 
 West v. Bayou Vista Man- or-, Inc.,
 
 371 So.2d 1146, 1147 (La.1979). Causation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the fact finder based on all credible evidence.
 
 DeGruy,
 
 525 So.2d at 1132.
 

 Even if an employee suffered from a pre-existing medical condition, he may still meet his burden of proof of causation if he proves that the accident aggravated, accelerated, or combined with the pre-ex-isting condition to produce a compensable 15disability.
 
 Peveto v. WHC Contractors,
 
 93-1402, p. 3 (La. 1/14/94); 630 So.2d 689, 691. He may be aided in meeting the foregoing burden by a presumption of causation, if he can prove that before the accident he had not manifested disabling symptoms, that such symptoms commenced with the accident and manifested themselves thereafter, and that either medical or circumstantial evidence indicates a reasonable possibility of causal connection between the accident and onset of the disabling symptoms.
 
 Walton v. Normandy Village Homes Ass’n, Inc.,
 
 475 So.2d 320, 324-25 (La.1985).
 

 Assignments of Error
 
 #
 
 1 and
 
 # 2
 
 [1]
 

 Mr. Chesser alleges that the trial court committed manifest error in dismissing his claim for cervical disc surgery because he had proven by preponderance of the evidence that the surgery was medically necessary for treatment of his medical condition caused by the work-related inju
 
 *1034
 
 ry. Mr. Chesser further alleges that the trial court was clearly wrong by giving no weight to the deposition of Dr. Lucien Miranne and incorrectly interpreting prior medical reports. Additionally, Mr. Ches-ser alleges that the trial court erred in dismissing his claim for cervical disc surgery, where there was no medical evidence presented that surgery was not reasonably necessary.
 

 In his brief, Mr. Chesser states that he only had two prior accidents involving his neck. The first accident occurred in August of 1994, in which he primarily sustained a lower back injury and was mainly treated by Dr. Daniel Seltzer, an orthopedic doctor. The second accident occurred on August 22, 2002, in which he injured his neck and lower back and was treated about four months by The Health Care Center. Mr. Chesser avers that he had no other back or neck treatment from early 2003 through June 7, 2006.
 

 |fiIn a workers’ compensation case, as in other cases, the appellate court’s review of factual findings is governed by the manifest error or clearly wrong standard.
 
 Smith v. Louisiana Dept, of Corr.,
 
 93-1305, p. 4 (La.2/28/94); 633 So.2d 129, 132. The two-part test for the appellate review of facts is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record establishes that the finding is not manifestly erroneous.
 
 Mart v. Hill,
 
 505 So.2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong.
 
 See Stobart v. State, Through Dept, of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993). Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.
 
 at 883.
 

 After evaluating the evidence presented, the trial court found that Dr. Robert Steiner’s medical records were extremely significant because they documented a long history of accident related neck complaints by Mr. Chesser dating back to 1992. In his October 11, 2006 report, Dr. Steiner stated that Mr. Chesser’s complaints were very similar to the complaints voiced during an examination on November 20, 2002, where he had left trapezius and left-sided neck pain with periodic left shoulder pain, as well as symptoms in the lower back where it would “lock up.” Additionally, Dr. Steiner stated that there were no clinical findings of cervical or lumbar nerve root impingements, nerve root irritation or neurological deficit on his examination that day. Subsequently, in his December 28, 2006 report, Dr. Steiner noted that Mr. Chesser continued to have complaints of neck |7stiffness, left trapezius pain and lower back stiffness associated with the accident, and those complaints were similar to the complaints noted when he was examined on November 20, 2002. Dr. Steiner continued to note that sufficient time had passed for healing of the soft tissue injuries, and there was no medical information provided that would prevent Ms. Chesser from returning to work as a truck driver.
 

 In reference to Dr. Miranne’s recommendation for the anterior cervical discec-tomy and fusion at C4-5, the trial court stated that it was based on the history given to him by Mr. Chesser that all of his problems started with the June 7, 2006 accident. The trial court also stated, “[i]t is not indicated in the histories taken in
 
 *1035
 
 the offices of either Dr. Murphy or Dr. Mirarme that Chesser had a long and complex history of neck and back injuries.”
 

 Different doctors provided their medical opinions as to Ms. Chesser’s injury and prognosis. After reviewing Dr. Steiner’s reports, there is a reasonable factual basis for the trial court to rely upon his medical opinion. Because there were different medical opinions submitted into evidence regarding Mr. Chesser’s need for surgery regarding his injury from the accident, we do not find that the trial court was manifestly erroneous in finding that Mr. Ches-ser did not prove by a preponderance of the evidence that the surgery was reasonably necessary for his medical condition and dismissing his claim.
 

 Additionally, we conclude it was not the burden of Dragon Express to prove that the cervical disc surgery was not reasonably necessary; however, it was Mr. Ches-ser’s burden to prove the causation of the accident in relation to the requested surgery by a preponderance of the evidence. After considering the medical evidence that both supported and negated Mr. Chesser’s need for cervical surgery, the trial court found that Mr. Chesser did not meet his burden of proof. Mr. Chesser did not sufficiently prove his disabling symptoms were not manifested ^before the accident and could be attributed to his prior accidents. Consequently, we do not find that the trial court was manifestly erroneous in finding that Mr. Chesser did not prove by preponderance of the evidence that the surgery was reasonably necessary.
 

 Assignment of Error
 
 #
 
 3
 

 Mr. Chesser alleges that the trial court erred in dismissing his claim for ongoing wage benefits because he proved by a preponderance of the evidence that he was still in need of medical care and unable to perform the duties of his occupation.
 

 When factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of the trier of fact, for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989).
 

 A claimant’s lack of credibility on factual issues can serve to diminish the veracity of his complaints to a physician.
 
 Byrd v. Caddo Parish School Bd.,
 
 89,798, p. 8 (La.App. 2 Cir. 6/29/05); 907 So.2d 849, 854. Thus, in many cases, the credibility of the history given by the claimant to his physicians becomes as important as the medical opinions based in part on that history.
 
 Meneses v. IFCO Systems, Inc.,
 
 04-1686, p. 9 (La.App. 1 Cir. 9/23/05); 923 So.2d 111, 117. The rule that questions of credibility are for the trier of fact applies also to the evaluation of expert testimony.
 
 Lirette v. State Farm Ins. Co.,
 
 563 So.2d 850, 853 (La.1990).
 

 Here, the trial court found that Mr. Chesser was “engaging in deliberate obfuscation if not outright prevarication. He is not a credible witness.” The trial court noted that it was not indicated in the medical histories taken in the offices of 19either Dr. Murphy or Dr. Miranne that Mr. Chesser had a long and complex history of neck and back injuries. The trial court also noted that Mr. Chesser acknowledged that he was physically capable of driving a truck and had been hauling dirt in his own dump truck, and he had done some of this work while he was receiving temporary total disability.
 

 Based upon this evidence, the trial court found that Mr. Chesser’s credibility diminished his complaints to the treating physi-
 
 *1036
 
 dans. Mr. Chesser’s acknowledgement that he was physically capable of driving a truck rebutted the claim that he is unable to perform the duties of his occupation. The trial court’s conclusions are founded by reasonable factual basis. Therefore, we do not find that the trial court manifestly erred in dismissing Mr. Chesser’s claim for ongoing wage benefits.
 

 Assignment of Error # í
 

 Mr. Chesser alleges that the trial court erred in denying an award of penalties and attorney’s fees for failure of Dragon Express to authorize surgery and termination of wage benefits.
 

 Based upon our findings that the trial court did not err in its rulings regarding Mr. Chesser’s request for surgery authorization and the termination of his wage benefits, we do not find Mr. Chesser was entitled to penalties and attorney’s fees pursuant to LSA-R.S. 23:1201. Therefore, we find the trial court did not err in denying the award to Mr. Chesser for penalties and attorney’s fees for failure of Dragon Express to authorize surgery and termination of wage benefits.
 

 |10DECREE
 

 For the foregoing reasons, we affirm the judgment of the trial court. Patrick Ches-ser is to bear the costs of this appeal.
 

 AFFIRMED.
 

 [1]
 

 . Assignments of Error # 1 and # 2 are interrelated arguments. As a result, we will address them jointly.