WELCH, J.
 

 12Plaintiff, Kevin D. Smith, appeals a judgment sustaining a peremptory exception raising the objection of res
 
 judicata
 
 filed by defendants, St. Charles Gaming Co. d/b/a Isle of Capri Casino & Hotel (Isle of Capri) and Cambridge Integrated Services Group, Inc. (Cambridge) and dismissing his workers’ compensation claim. We affirm.
 

 BACKGROUND
 

 On June 1, 2009, plaintiff filed this disputed claim for compensation benefits in the Office of Workers’ Compensation (OWC) against Isle of Capri, his employer, and its claim administrator, Cambridge. Plaintiff alleged that on December 9, 2004, he was cleaning out a storage room and was bitten by a spider on his left hand, and also ruptured two discs in his neck on that day from heavy lifting.
 

 Defendants filed a peremptory exception raising the objection of
 
 res judicata,
 
 urging that the parties entered into a valid compromise agreement releasing defendants from all past and future liability for plaintiff’s claims for compensation, medical expenses, and claims of whatever kind, arising out of any accident or injury occurring before the date of the agreement. Defendants asserted that the compromise agreement, entered into in order to settle an ongoing disputed claim for compensation previously filed in the OWC, satisfied all of the legal requirements set forth in the Louisiana Workers’ Compensation Act. In opposition to the exception, plaintiff argued that he settled only his claim for
 
 *644
 
 the spider bite injury and never intended to settle his separate claim for the two ruptured discs, for which his employer had been paying compensation benefits, that he was not represented by counsel at the time the compromise agreement was approved by the Workers’ Compensation Judge (WCJ), and he was never apprised by the WCJ that he was settling both of his claims.
 

 | ^Following a hearing, at which both parties presented evidence, the WCJ found that plaintiff settled any claims he had against defendants for any injuries arising on December 9, 2004, and sustained the exception of
 
 res judicata.
 

 LAW AND DISCUSSION
 

 The workers’ compensation law contains specific requirements which govern the compromise of claims. The requirements for effecting a compromise settlement of a workers’ compensation claim are set out in subsections “A,” “B,” and “C” of La. R.S. 28:1272 as follows:
 

 A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers’ compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowl-edgement by the parties in open court which is capable of being transcribed from the record of the proceeding.
 

 B. When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers’ compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers’ compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.
 

 C.When the employee or his dependent is not represented by counsel, the workers’ compensation judge shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement, and shall approve it by order, unless he finds that it does not provide substantial justice to all parties, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.
 

 There can be no settlement of a workers’ compensation claim in the absence of compliance with the procedure prescribed by La. R.S. 28:1272.
 
 Nguyen v. Lengsfield Bros., Inc.,
 
 417 So.2d 525, 527 (La.App. 4th Cir.1982). Once the procedural requirements of the workers’ compensation law have been complied with and an order approving a compromise settlement has been entered by the |4WCJ, the judgment is conclusive,. and it cannot be set aside except for fraud, misrepresentation, or ill practices.
 
 See Smith v. Cajun Insulation, Inc.,
 
 392 So.2d 398, 401-402 (La.1980);
 
 Morris v. East Baton Rouge Parish School Board,
 
 93-2396 (La.App. 1st Cir.3/3/95), 653 So.2d 4,
 
 writ denied,
 
 95-0852 (La.5/5/95), 654 So.2d 335;
 
 Condon v. Johns-Manville Sale Corp.,
 
 448 So.2d 169, 171 (La.App. 5th Cir.1984).
 

 At the hearing on the exception of
 
 res judicata,
 
 defendants introduced documents confected in connection with the March 13, 2009 settlement of plaintiffs claims against them arising in connection with an earlier lawsuit seeking additional compensation
 
 *645
 
 benefits for a spider bite injury to his hand on December 9, 2004. The first, a joint petition for approval of the compromise settlement setting forth the terms of the parties’ settlement, clearly refers to the December 9, 2004 spider bite as the basis for the parties’ dispute and sets forth that the parties disputed whether plaintiffs injuries had healed or were work-related. The agreement notes that plaintiff had been paid workers’ compensation indemnity benefits totaling $110,197.64 and medical benefits in the amount of $69,778.25. The agreement further states:
 

 In order to compromise and settle the disputes existing among these parties, Employer has agreed to pay $19,000.00 in full settlement of Employee’s claim for all workers’ compensation benefits, medical expenses, penalties and attorney’s fees, including any of Employee’s medical expenses related in any way to the alleged work accident of December 9, 2004, or any work-related injuries incurred before this settlement is approved, in full and final settlement, satisfaction and compromise of any and all claims which Employee has now or might hereafter acquire against Employer, because of the alleged accidental injury described above, or anything else that occurred while Employee was employed by Employer.
 

 Defendants also introduced a judgment of approval of the proposed settlement signed by the WCJ on March 13, 2009. Therein, the WCJ expressed the opinion that the proposed settlement was fair and equitable and entered into primarily to avoid continuing litigation and was in substantial accord with the workers’ | .^compensation law. The judgment decreed that upon payment of the sum of $19,000.00 to plaintiff, defendants “shall be forever released and relieved from all past and future liability” for claims asserted by plaintiff for compensation, medical expenses and claims arising from any accident or injury occurring prior to the date of the settlement agreement. Lastly, defendants offered a joint motion to dismiss the earlier disputed claim for compensation, setting forth that defendants paid $19,000.00 to plaintiff pursuant to the approved settlement agreement.
 

 In opposition to the exception of
 
 res judicata,
 
 plaintiff submitted a memorandum in which he insisted that the March 13, 2009 settlement covered only the injuries he sustained as a result of the spider bite. He urged that he suffered separate injuries to his neck as a result of heavy lifting on the same date as the spider bite, December 9, 2004. Plaintiff asserted that he reported these injuries and was receiving compensation for these injuries, but was not aware that he was settling both of his claims based on the spider bite and the ruptured discs when he entered into the settlement. Plaintiff introduced a letter written by him to the OWC prior to the date on which the settlement agreement was signed, indicating that his attorney had withdrawn from the case. Additionally, he introduced some medical records that an MR1 had purportedly been taken in 2006 in connection with his claim of pain in his neck and hand, along with a November 12, 2008 disputed claim he filed in the OWC in which he listed his neck and left hand as parts of his body that had been injured on December 9, 2004. At the hearing, plaintiff argued that his neck injury was a separate injury he reported to his employer and that the WCJ, who was also hearing the exception of
 
 res judicata,
 
 did not advise him that he was settling claims for both of his accidental injuries occurring on December 9, 2004.
 

 To challenge plaintiffs claim that he reported a separate neck injury to his employer, defendants introduced an August 15, 2007 disputed claim for | ^compensation
 
 *646
 
 filed by plaintiff in the OWC in which he listed only his left hand as having been injured as a result of the December 9, 2004 spider bite. They also introduced the affidavit of Bryan Leach, employed by defendant as its head of risk management, who attested to his familiarity of plaintiffs claim for compensation benefits arising from an alleged work accident on December 9, 2004, and that plaintiff always represented that his injuries arose out of a work accident related to the alleged spider bite. At no time, Mr. Leach attested, did plaintiff ever report to his employer that he had some separate injury to his neck or spine arising out of his employment at any time. Several documents were attached to the affidavit, identified by Mr. Leach, in which plaintiff referenced the reported injury of a spider bite to the left hand and made no mention of a separate neck or spine injury.
 

 In sustaining the exception of
 
 res judi-cata,
 
 the WCJ stated that she always asks workers’ compensation claimants whether they understand that they are settling any and all claims with opposing counsel related to “this job accident” and recalled so asking plaintiff and receiving a positive response. The WCJ found that settlement covered any claims plaintiff had against his employer while he worked for them, and that he specifically settled any claims he had for the date of the accident, December 9, 2004, for the sum of $19,000.00.
 

 Plaintiff did not seek to set aside the settlement on the basis of fraud, misrepresentation, or ill practices. While we recognize that the failure of a WCJ to have a settlement discussion with an unrepresented employee may give rise to a cause of action for nullity as recognized by the Supreme Court in
 
 Smith,
 
 392 So.2d at 402, plaintiff has not alleged that such a discussion did not take place. Rather, he alleges that the WCJ did not inform him that he was settling his claim for benefits arising from a neck injury sustained on the same day as the spider bite injury. Defendants offered evidence indicating that plaintiff did not assert a separate claim based on the alleged neck injury resulting from heavy lifting prior to |7the date on which he filed the instant disputed claim for compensation. Plaintiff failed to offer evidence that he did present a separate claim for benefits based on two ruptured discs resulting from heavy lifting to the WCJ prior to the date on which she approved the settlement. Plaintiff has not alleged facts which, even if true, could serve as a basis for setting aside the compromise agreement. Therefore, the compromise agreement is valid and enforceable and has acquired the quality of a thing adjudged.
 

 The authority of a thing adjudged resulting from the compromise agreement extends only to those matters the parties expressly intended to settle.
 
 Bailey v. Martin Brower Co.,
 
 94-1179, p. 3 (La.App. 1st Cir.4/7/95), 658 So.2d 1299, 1301. The only issue is whether the parties intended to compromise the claim for which plaintiff now seeks to recover benefits when they entered into the compromise agreement.
 

 In the compromise agreement, plaintiff and defendants expressly settled all of plaintiffs claims for all workers’ compensation benefits, medical expenses, penalties, and attorney’s fees related in any way to the alleged work accident of December 9, 2004, “or any work-related injuries incurred before this settlement is approved,” because of the alleged accidental injury described in the agreement, as well as “anything else that occurred” while plaintiff was employed by Isle of Capri. We conclude, as did the WCJ, that this language clearly demonstrates that the parties agreed to bring to a conclusion all disputes existing between them prior to the date on which the agreement was executed, whether they arose from the alleged
 
 *647
 
 spider bite or from any other cause, in exchange for the sum of $19,000.00. The claim for which plaintiff now seeks recovery clearly falls under this language of the compromise agreement as it occurred pri- or to the date on which the settlement agreement was entered into, it was not based on the alleged spider bite, and it constituted a claim based on “anything else that occurred” while plaintiff |swas in Isle of Capri’s employ. Therefore, because the parties clearly intended to compromise and release the claim for which plaintiff now seeks to recover compensation benefits, the WCJ correctly sustained the exception of
 
 res judicata.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment sustaining the peremptory exception raising the objection of
 
 res judicata
 
 and dismissing this workers’ compensation claim is hereby affirmed. All costs of this appeal are assessed to plaintiff, Kevin D. Smith.
 

 AFFIRMED.