ROBERT A. CHAISSON, Judge.
laSysco New Orleans, L.L.C. (Sysco), appeals a judgment in favor of claimant David Bussalati, in this workers’ compensation case. For the following reasons, we vacate the award of benefits and reinstate the settlemént agreement of $6,000 previously entered into by the parties and approved by" the workers’ compensation judge.
FACTS AND PROCEDURAL HISTORY
On December 2, 2011, Mr. Bussalati, who had worked as- a delivery driver for Sysco since 1989, ran his delivery truck off a road near the beach in Pascagoula, Mississippi. The location of the accident was approximately five miles from the route which he should have taken to make his scheduled delivery; Mr. Bussalati was taken to a local hospital for an examination, but he had -no memory of either the accident or, except for a brief moment, the trip to the hospital in- the EMS vehicle. He also had no idea of how his.truck ended up where it did. -He did remember crossing railroad tracks and smelling a sweet odor before the accident, but nothing else. It was reported that during his brief hospital stay he suffered’two seizure-like incidents. He made complaints of pain in the cervical |3spine, as well as nausea and a headache. Various CT scans were performed, all of which were normal except for mild degenerative changes. Reports of a CT of the head, chest, abdomen, and pelvis were made, and the physician’s note stated that Mr. Bussalati was “without any specific injuries that are apparent at this time despite significant radiographic work up and physical exam findings.” Because of the inrhospital seizures, he was advised to take the anti-seizure medication Dilan-tin. {
During the. course of these proceedings, it was established that Mr. Bussalati suffered from a seizure, disorder related to a head injury received when he was a teenager, and that he had been treated for years for this condition by Dr. Joe Jackson, a neurologist. Mr. Bussalati began working .for Sysco in 1989 as a driver, but in 2005 a physician refused to certify him as fit to drive because he was taking Dilan-tin to prevent seizures. After a six month trial period without the medication, during which he worked in the warehouse, he was again certified to drive.
Two months before the present accident, Mr. Bussalati had been involved in an accident in his personal vehicle which resulted in a three-day hospital stay. His complaints were left rib, left shoulder, head and neck pain. He underwent a “return to work physical” by Dr. Terry Smith, a neurologist, who certified him as fit. He re *53 turned to his driving duties and worked until the time of the present accident.
On December 16, 2011, two weeks after this latter accident, Mr. Bussalati again saw Dr. Jackson. Dr. Jackson stated in deposition testimony that Mr. Bussalati came to him in regard to a Social Security Disability proceeding. He said that his neurological examination turned up the same types of problems that Mr. Bussalati had exhibited for years before because of his head injuries and seizure disorder, such as cognitive problems, irritability and difficulty with spelling and math. He noted that Mr. Bussalati’s wife told, him that he was occasionally | complaining of “funny smells,” which Dr. Jackson associated with the onset of seizures. Dr. Jackson did not relate any of these problems to the December 2, 2011 accident. Mr. Bussalati continued to be treated by Dr. Jackson, and on January 10, 2013, he completed a disability assessment in which he reported that Mr. Bussalati could probably return to light duty, but that he would never be able to work as a driver again. He further said that although his examination of Mr. Bussalati’s back and neck were unremarkable, and although he had never treated him for these conditions, or referred him to other doctors for such treatment, as to those injuries he would defer to the opinions of any other physicians, who might have treated him for those injuries.
Mr.- Bussalati sought treatment for neck and back problems at Bienville Orthopaedic Specialists, where MRIs and other tests were conducted. On February 17, 2012, he saw Dr. Charles Winters, a neurosurgeon at that office, who reviewed the tests results. Dr.-Winters’ opinion was cervical strain, lumbar strain, and lumbar degenerative disc problems, and concluded that the symptoms were the result of soft tissue injury. He recommended physical therapy, but Mr. Bussalati never followed up on this recommendation. Dr. Winters never placed any work restrictions on Mr. Bussa-lati. - - ,
Mr. Bussalati was also seen at Singing River Services for a psychiatric'evaluation. The records of this facility show that he had psychological problems, but no opinion is given as to whether these problems were related to the accident. Neither is any opinion given relating to his neck or back. . .
On May 13, 2013, Sysco had Mr. Bussa-lati; examined by Dr. Gordon. Nutik. Dr. Nutik reviewed Mr. Bussalati’s medical reports and conducted an examination. Dr. Nutik’s opinion was that Mr. Bussalati may have suffered a soft tissue injury in | fithe accident, but that any residual problems should have been resolved by the time of this visit. .
During the course of the proceedings, Mr. Bussalati ■ and Sysco entered into a settlement of Mr. Bussalati’s workers’ compensation claim for $6,000. Because Mr. Bussalati was unrepresented by counsel, a hearing on the settlement .Was conducted before the workers’ compensation judge as per La. R.S. 23:1272(C). The judge ‘questioned Mr. Bussalati at length and deterrtiined that the settlement would do substantial justice to the parties. She therefore approvéd' it. ' Several weeks later, a written settlement agreement, prepared by counsel for Sysco, was presented to Mr. Bussalati, but he refused to sign it on grounds that it contained material not agreed to by him at the hearing.
Later in the proceedings, Sysco urged an exception .of res judicata. It argued that a lump sum settlement-was perfected as per La. R.S. 23:1272(A), because the terms were recited and acknowledged in open court and were capable of being transcribed. - It further argued that the settlement, once approved by the judge, could only be set aside because of fraud or* mis *54 representation’s, and because neither of these factors wer¿ shown, the settlement was unassailable. It concluded that the settlement was therefore conclusive and precluded further litigation of the claim.
The trial judge rejected these arguments and set aside the settlement.. In her reasons for judgment, she noted that the written agreement contained matters not addressed at the hearing, and she also noted that Mr. Bussalati had psychological issues which she had not been aware of when she approved the settlement. Sysco sought a supervisory writ in this court, which was denied. This court also noted that the written agreement went beyond the matters recited .in court, and also noted Mr. Bussalati’s psychological impairments. It concluded that on the specific facts | fjbefore it, it found no error in the trial judge’s conclusion that no enforceable settlement had been reached.
A full trial was eventually held, and on the basis of the above summarized evidence, the workers’ compensation judge ruled that Mr. Bussalati had an on-the-job accident, and that he received a compensa-ble injury in the accident which involved aggravation of. pre-existing conditions of his back and neck, as well as his mental conditions. - She awarded him benefits for temporary, total disability from the time of the accident and continuing. This appeal followed.
Sysco has raised a number of assignments of error, many of which overlap, but only two of which need be addressed here. It first asserts that the settlement agreement was valid, was improperly set aside, and should be enforced here. It next, argues that it was manifest error for the workers’ compensation judge to award benefits for temporary total, disability. Mr. Bussalati. has answered the appeal seeking penalties and attorney fees.
DISCUSSION
We first address Sysco’s argument that the award of benefits was improper. The standard of review of factual determinations in workers’ compensation cases is the manifest error standard. Campbell v. Benson BMW/Izuzu/VW, 98-861 (La.App. 5 Cir. 3/10/99), 735 So.2d 49. A claimant must establish that an accident occurred during the course and scope of his employment, and also that the accident caused the injury for which he seeks benefits. Dragon Express v. Chesser, 09-1041 (La.App. 5 Cir. 5/25/10), 40 So.3d 1030. Moreover, a finding that a claimant is entitled to temporary total disability benefits must be supported by clear and convincing evidence, unaided by any presumption of disability, that he is unable to engage .in any employment, even while working in pain. La. R.S. |723:1221(1)(C); Bolton v. Grant Parish School Board, 98-1430 (La.3/2/99), 730 So.2d 882.
The workers’ compensation judge made the two following'pertinent factual findings in support of the award of temporary, total disability: 1) Mr. Bussalati aggravated his pre-existing back, neck, and mental conditions in the accident of December 2, 2011; and 2) Mr. Bussalati proved by clear and convincing evidence that his physical and psychological injuries were aggravated and accelerated by the accident of December 2, 2011. While there was evidence to support a finding that Mr. Bussalati suffered some back and neck injury in the accident, there is absolutely no evidence to suggest that any aggravation of these injuries caused, or contributed to, Mr. Bussalati’s disability. The post-accident hospital records show that Mr. Bussalati complained of back and neck pain, but further indicate that after an extensive radiographic and physical work-up, there was no evidence of any injuries. The records from the Bien-ville Orthopaedic Specialists indicate cervi *55 cal and lumbar strain with degenerative disc disease, but no physical restrictions were placed on Mr. Bussalati due to these conditions. Further, Mr. Bussalati never followed up on recommended physical therapy. Dr. Nutik reviewed Mr. Bussala-ti’s records and performed an examination, and was of the Opinion that Mr. Bussalati may have had a soft tissue injury which should have resolved. Although Dr. Jackson ■ mentioned the back and neck problems, he did not express an opinion on those complaints.
As to his mental conditions, Dr. Jackson, who had treated Mr. Bussalati for years, stated that the conditions he observed on December 16, 2011, were the same ones for which he had previously treated him. He was of the opinion that Mr. Bussalati was disabled from driving because of His seizure disorder, but thought he could return to light duty in other capacities. The report from Singing River 1 ^Services notes that Mr. Bussalati had had a seizure and á wreck, and could not drive again, but does not mention any physical injuries. In none of these opinions or records is there any indication that the seizure itself, which probably precipitated the accident,[1] was work related. Neither is there any evidence that the accident worsened the seizure problem. Dr. Jackson stated directly that Mr. Bussalati’s condition after the accident was as it had been for years, and he made no connection between the accident and the sjmiptoms he saw after its occurrence.
The above evidence and analysis strongly suggest that the finding that claimant- is entitled to temporary total disability benefits due to a work related injury is manifestly’ erroneous. However, we need not reach that conclusion because' we find that appellant’s, other assignment of error, ie.,, that a valid pretrial settlement was perfected, is meritorious.. Prior to trial of-this case, the parties had entered into a settlement agreement in -which Mr. Bussalati was to receive a lump sum payment of $6,000. A hearing on this settlement was ■ held before the workers’ compensation judge during which Mr. Bussalati was not represented by counsel. Counsel for Sysco subsequently prepared a document which went beyond the terms of the agreement appearing of record. When Mr. Bussala-ti refused: to -sign the settlement, Sysco urged an exception of res judicata on the grounds that the settlement was perfected - when,- placed on the record after a hearing and approval.by the judge.- After a second .hearing, the judge refused to enforce the settlement and consequently denied the exception. Sysco applied for a supervisory writ, which was denied by this court. On appeal, Sysco again raises the issue, and seeks to |nhave the settlement made enforceable. Mr. Bussalati has not sought this relief here, arguing instead that the settlement was properly set aside.
This issue was before this court in an application for a writ, and we denied the writ, indicating that on the incomplete record then available it appeared, that the trial- judge was correct in rejecting the settlement. However, we now have the *56 entire record before us, and because of the peculiar procedural posture of the matter, we reach a different result.[2] .
When the matter was first before this court; it appeared that Mr. Bussalati had mental issues which had’ not been taken into 'account by the trial judge in approving the' settlement. Moreover, the settlement document produced by Sysco contained clauses relating to medical insurance and - social 'Security matters which were not discussed at the settle* ment hearing. It thus appeared that there was no meeting of the minds as to the terms of the settlement. On further review, and with the complete record before us, we are of the opinion that there was a valid and enforceable settlement, ie., that for a payment of $6,000, Mr. Bussalati would forego all claims against Sysco arising under the workers’ compensation statutes, and Sysco would not pursue Mr. Bussalati for reimbursements of any kind arising from these same laws.
The transcript of the settlement agreement shows that the workers’ compensation judge questioned Mr. Bussalati as to his understanding of the settlement as being a resolution of all matters involving the workers’ compensation claim, and he indicated that he did. Mr. Bussalati stated that he had a twelfth grade education, and was not on any medication. The negotiations took place before a mediator, and Mr. Bussalati’s wife was present. Mr. Bussa* lati stated[1] that he did Imnot wish to have counsel,: and that he Wanted the judge to approve the settlement. There is nothing in the transcript of this hearing which would indicate that Mr. Bussalati had mental issues which would render his acquiescence in the settlement suspect. The medical records from Dr. Jackson showed that Mr. Bussalati indeed had cognitive problems, exhibited irritability, and had difficulty with spelling and math, but that all of these symptoms were long standing, and evidently had not prevented claimant from being gainfully employed for years with Sysco. .
In regard "to uncounseled settlements, La. R.S. 23:1272(0)- provides that an order approving a settlement “shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.” Here, the workers’ compensation judge in her reasons for denying the exception of res judicata noted that slie had not been aware at the settlement hearing that claimant had .mental issues, and that had .she been aware of these issues, she would not have approved the settlement. She also noted that Sysco’s counsel had not questioned Bussalati at the settlement hearing about his mental issues, the implication being that counsel was not being forthcoming about this situation. However,. Sysco had moved for summary judgment and attached Dr. Jackson’s reports to its motion. The parties had appeared for a hearing- on that -motion, and it was during discussions prior to that hearing that the settlement was confected. Thus, Sysco had provided the court with all of the information in its possession concerning Mr. Bussalati’s mental status. To the extent that the workers’ compensation judge deemed Sysco’s counsel’s failure to pursue these issues further constituted a “misrepresentation” for purposes of the statute, we find she erred. ’ Moreover, as shown above, the records on this point from Dr. JackSon are not such as to cast doubt on claimant’s mental capacity to *57 have understood the settlement. Also, Mr. Bussalati’s refusal to sign the agreement prepared by Sysco’s counsel was based on his correct |1¶ observation that there were additional terms to which he had not agreed and which did not app.ear in the transcript of the settlement. In these cjrT cumstances, no fraud or misrepresentation was established which would have permitted nullification of .the oral agreement dictated into the record. See Smith v. Isle of Capri Casino & Hotel, 10-161 (La.App. 1 Cir. 9/10/10), 47 So.3d 642, rehearing denied (10/4/10).
We also note that in its request for relief from this court, Sysco' wishes the settlement, as dictated into the record at the settlement hearing, to be reinstated and made enforceable. Although Mr. Bussalati has not sought similar relief by way of answer to the appeal or a cross appeal, we nonetheless deem that this result accomplishes substantial justice to all parties. See La. R.S. 23:1272(C).‘
We reject Mr. Bussalati’s answer to the appeal for attorney fees and penalties, because the record amply demonstrates that the claim was reasonably controverted-
DECREE
For the foregoing reasons, the settlement agreement for six thousand dollars ($6,000) previously entered into by the parties, as recited and acknowledged on the record in open court and approved by the workers’ compensation judge, is hereby reinstated and made the judgment of this court. Sysco’s exception of res judicata is sustained, and the judgment awarding Mr. Bussalati. workers’ compensation benefits for temporary, total disability is hereby vacated. ...

VACATED AND RENDERED

. One year after the accident, Mr. Bussalati for the first time, stated that he smelled exhaust fumes in the truck before the accident, and suggested that this problem is what caused him to lose consciousness and run off the road. It was shown at trial that the exhaust system on the truck had been repaired a year before the ■ accident and no complaints -were reported after that time. The workers’ compensation judge made no specific finding- as to whether the accident was caused by a seizure or by fumes. However, the evidence clearly showed that more likely than not the accident was the result of a seizure.

. Denial of a writ application is simply a decision not to exercise the powers of. supervisory jurisdiction, and such determinations do not bar reconsideration of the issue on appeal. Ridgedell v. Succession of Kuyrkendall, 98-1224 (La.App. 1 Cir. 5/19/99), 740 So.2d 173.