# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 17-1063


**KENNETH CLARK**

**VERSUS**

**SEDGWICK CMS, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT NO. 3
PARISH OF CALCASIEU, NO. 14-01589
DIANNE M. MAYO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Van H. Kyzar, Judges.


**AFFIRMED AND RENDERED.**

**Matthew D. Fontenot**
**Hurlburt, Monrose & Ernest**
**P. O. Drawer 4407**
**Lafayette, LA 70502-4407**
**(337) 237-0261**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Walgreen Company**
    **Sedwick CMS**

**Kevin L. Camel**
**Cox Cox Filo Camel & Wilson, LLC**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kenneth Clark**

**KYZAR, Judge.**

The employer, Walgreen Company (Walgreens), appeals from a judgment amending an order of approval for a settlement of its former employee's claim. For the following reasons, we affirm and render judgment in favor of the employee.

## DISCUSSION OF THE RECORD

The facts which led to the instant appeal are partially set forth in our previous opinion, *Clark v. Sedgwick CMS*, 15-277 (La.App. 3 Cir. 11/25/15), 179 So.3d 943, wherein we reversed in part a decision of the workers' compensation judge (WCJ) in favor of the employee, Kenneth Clark, awarding him supplemental earnings benefits and reinstating his right to further vocational rehabilitation. Ultimately, the parties reached a settlement and submitted their request for approval of the compromise settlement, which the WCJ approved and additionally rendered a judgment of dismissal on October 3, 2016.

Thereafter, Mr. Clark petitioned the WCJ to amend the order of approval to include language that reflected a division of the indemnity portion of the settlement over Mr. Clark's total lifetime, without altering the amount of the settlement agreed upon by the parties. His request was for the purpose of allowing the Social Security Administration (SSA) to pro-rate his settlement so that it could calculate any disability offset required as a result of the settlement. Walgreens objected to the amendment of the order and filed an exception of res judicata and a motion for sanctions. Following a March 27, 2017 hearing, the WCJ rendered an amended order of approval on June 2, 2017, to include language reflecting the indemnity aspect of the settlement over the total lifetime of the claimant and finding the "functionally limiting effects of the injuries or medical conditions upon which this settlement is based shall exist for the remainder of the employee's life expectancy." The amended order of approval further set forth a computation of

monthly indemnity benefits based on the overall net settlement to Mr. Clark, which was referred to as "a stipulated monthly amount of $373.33." The court minutes from the hearing also indicate that both the exception of res judicata and the motion for sanctions were denied.

Walgreens appealed from the amended order on July 28, 2017; however, the record indicates that its motion for appeal was denied based on the lack of a final judgment in the matter. Subsequently, the WCJ rendered a judgment on August 21, 2017, which stated that it "replaces and supersedes the Amended Order signed on the 2nd day of June, 2017 and is in conformity with my ruling in open court." Notice of the signing of this judgment was forwarded to all counsel on August 22, 2017. Among other issues addressed in this judgment was the formal denial of Walgreens' exception of res judicata and motion for sanctions. Walgreens appeals both the June 2, 2017 amending order and the August 21, 2017 judgment, asserting three assignments of error:

1. The trial court was legally erroneous in amending the Original Order of Approval.

2. The trial court was without jurisdiction to amend or in any way change the Order from June 2, 2017, since it was divested of jurisdiction to do so.

3. The trial court was legally erroneous in denying the Exception of *Res Judicata* and Motion for Sanctions.

Mr. Clark answered Walgreens' appeal, seeking attorney fees and costs as a result of Walgreens' frivolous appeal.

**OPINION**

We review the WCJ's ruling on issues of law *de novo* to determine whether its decision was legally correct. *Magbee v. Fed. Express*, 12-77 (La.App. 3 Cir. 12/12/12), 105 So.3d 1048.

2

## SECOND ASSIGNMENT OF ERROR

We consider Walgreens second assignment of error first. Walgreens argues that its July 28, 2017 motion appealing the June 2, 2017 amended order, which was signed by the WCJ on July 31, 2017, divested the WCJ of jurisdiction to render its August 21, 2017 judgment. However, the record reflects that the order for appeal was, in fact, denied, as it contains a strike-through of the order and the WCJ's signature. It further contains marginal notations reflecting that it was denied. In conjunction with the August 21, 2017 judgment, the WCJ notified counsel for both parties that "[t]his Judgment was redone so the employer could have an appealable judgment and to be in conformity with my ruling on March 27, 2017." Accordingly, we find no merit in Walgreens' argument that the WCJ was divested of jurisdiction based on its original motion for appeal, as the record reflects that this motion was denied by the WCJ.

## FIRST ASSIGNMENT OF ERROR

In its first assignment of error, Walgreens asserts that the WCJ committed legal error by amending the October 3, 2016 order approving the settlement, first, by the amended order on June 2, 2017, and, second, by the judgment rendered on August 21, 2017.

In *McCarroll v. Livingston Parish Council*, 13-2120, pp. 4-6 (La.App. 1 Cir. 10/27/14), 156 So.3d 1173, 1176-77, *writ denied*, 14-2498 (La. 2/27/15), 159 So.3d 1068 (footnote omitted), the court examined the law pertaining to settlements in the realm of workers' compensation:

> Workers' compensation rests on the sound economic principle that those persons who enjoy the goods or services of a business or other systematic purposeful activity should ultimately bear the cost of the injuries or deaths of its employees that are incident to the production and distribution of its goods and services. *Roberts v. Sewerage and Water Bd. of New Orleans*, 92-2048 (La.3/21/94), 634 So.2d 341, 343. Consequently, workers' compensation law is to be

3

liberally construed in favor of protecting workers from the economic burden of work-related injuries. *Nelson v. Motiva*, 04-2436 (La.App. 1 Cir. 12/22/05) 928 So.2d 34, 36; *Morris v. East Baton Rouge Parish School Bd.*, 93-2396 (La.App. 1 Cir. 3/3/95), 653 So.2d 4, 6, *writ denied*, 95-0852 (La.5/5/95), 654 So.2d 335.

Louisiana workers' compensation law allows, but does not favor, the compromise or settlement of workers' compensation claims. LSA-R.S. 23:1271; *Guidry v. One Source Facility Services*, 04-2007 (La.App. 4 Cir. 4/27/05), 901 So.2d 626, 628. Further, the law contains specific provisions that govern the compromise of claims. Louisiana Revised Statutes 23:1272 provides, in pertinent part:

> A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.

> B. When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers' compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers' compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.

This statute was designed to provide numerous safeguards to prevent an employee from being coerced, to prevent a hasty and possibly ill-advised resolution of the employee's claim, and to protect the parties from unwise actions which may cause them serious detriment. *Morris*, 653 So.2d at 6.

There can be no settlement of a workers' compensation claim in the absence of compliance with the procedure prescribed by LSA-R.S. 23:1272. *Smith v. Isle of Capri Casino & Hotel*, 10-0161 (La.App. 1 Cir. 9/10/10), 47 So.3d 642, 644. However, once the procedural requirements of the workers' compensation law have been complied with and an order approving a compromise settlement has been entered by the OWC, the judgment is conclusive, and it cannot be set aside except for fraud, misrepresentation, or ill practices. *Id. See also Smith v. Cajun Insulation, Inc.*, 392 So.2d 398, 401-02 (La.1980).

4

In the matter *sub judice*, the WCJ rendered the following order, on October 3, 2016, approving the parties' joint petition for a compromise settlement:

This matter having been presented to the Workers' Compensation Judge on the Joint Petition and agreement of KENNETH CLARK, WALGREEN COMPANY, AND ZURICH NORTH AMERICA, and the Workers' Compensation Judge having been fully informed in the premises and it appearing that the said KENNETH CLARK has been advised of his rights under the laws of the State of Louisiana, particularly the Louisiana workers' compensation laws, and the Workers' Compensation Judge being of the opinion that there are one or more serious bona fide disputes existing between the parties, and that the compromise is fair, equitable and consistent with the workers' compensation laws of the State of Louisiana and provides substantial justice to all parties;

*IT IS ORDERED* that the Joint Petition and compromise settlement agreement presented in this matter be and the same is hereby approved.

*IT IS FURTHER ORDERED* that upon the payment of ONE HUNDRED FORTY-EIGHT THOUSAND FIVE HUNDRED SEVENTY-FOUR AND NO/100 ($148,574.00) DOLLARS (EIGHT THOUSAND FIVE HUNDRED SEVENTY-FOUR AND NO/100 ($8,574.00) DOLLARS of the total settlement amount shall be placed by KENNETH CLARK in a medicare [sic] set aside account and is specifically attributable to, and in compensation for, the expected cost of KENNETH CLARK'S future medical expenses arising from his work-related injury), the Employer, Employer's Insurer, their agents, insurers, directors, officers, stockholders, employees and representatives and any and all other persons, firms, corporations, partnerships and parties whomsoever, be and they are hereby discharged from any and all liability (as per the Joint Petition of the parties) to Employee under the workers' compensation laws of the State of Louisiana, the tort laws, and any and all other laws whatsoever, including any claim as per La. R.S. 23:1361, as a result of the accident referred to in the petition filed herein, and any and all other accidents sustained by him in the past, arising out of or occurring in the course and scope of his employment with WALGREEN COMPANY.

Thereafter, on January 26, 2017, Mr. Clark filed a motion to amend the October 3, 2016 order of approval, on the basis that due to his counsel's inadvertence, the WCJ's order did not include language that expressed the indemnity portion of the settlement in a monthly amount, as required by the SSA. He stated that this language was required so that the SSA could "properly calculate

5

any federal offset" resulting from his simultaneous receipt of workers' compensation benefits and Social Security Disability Income (SSDI). In response, Walgreens opposed Mr. Clark's motion to amend and filed an exception of res judicata and a motion for sanctions pursuant to La.Code Civ.P. art. 863(B)(2).[1]

Following a hearing on the motions and the exception, the WCJ amended its original order of approval on June 2, 2017, to include the following language:

> It is expected that the functionally limiting effects of the injuries or medical conditions upon which this settlement is based shall exist for the remainder of the employee's life expectancy. For the purpose of prorating this settlement by the Social Security Administration and any disability policy, it is specified that the wage earner, KENNETTH [sic] CLARK, is a white male, sixty (60) years old with a reduced life expectancy of another 25 years, or 400 months. After deducting attorney's fees in the amount of TWENTY-EIGHT THOUSAND DOLLARS AND NO/100 ($28,000.00), the net amount of the indemnity portion of the settlement to Employee is ONE HUNDRED TWELVE THOUSAND AND 00/100 (112,000.00). This amount being paid for future indemnity benefits pursuant to this compromised settlement agreement shall serve as substitute for periodic indemnity payments owed and/or payable for the remainder of KENNETH CLARK'S life, which computes to a stipulated monthly amount of $373.33. And further adding that Mr. Clark agrees that the inclusion of the foregoing provision cannot and will not be interpreted as any statement regarding whether or not he is now or may become totally and permanently disabled. Mr. Clark understands that the settlement extinguishes his right to all past, present, and future benefits under the Louisiana Workers' Compensation Act, and he waives any claims regarding the proper discount rate pursuant to R.S. 23:1274.

Subsequent to the WCJ's amended order, a written judgment was rendered on August 21, 2017, in which the WCJ formally denied Walgreens' motion for

---

[1] Louisiana Code of Civil Procedure Article 863(B) provides, in part:

Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

. . . .

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

6

sanctions and exception of res judicata and granted Mr. Clark's motion to amend, reciting the identical language of the June 2, 2017 amended order approving the settlement. The judgment further stated that it replaced and superseded the June 2, 2017 amended order and that it was "in conformity with my ruling in open court." Walgreens filed a motion for a devolutive appeal on September 11, 2017, which was granted by the WCJ that same day.

While it is true that a judgment rendered in conformity with La.R.S. 23:1272 is "virtually unassailable,"[2] a final judgment may still be amended in accordance with La.Code Civ.P. art. 1951, which provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

As stated by this court in *Ryland v. St. Mary's Residential Training School*, 03-27, p. 3 (La.App. 3 Cir. 4/30/03), 843 So.2d 1237, 1240, *writ denied*, 03-1536 (La. 10/3/03), 855 So.2d 311 (alteration in original) (quoting *Tunstill v. Stierwald*, 01-1765, p. 4 (La. 2/26/02), 809 So.2d 916, 920), "'[A] judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment.'"

After performing a thorough review of the record, we find that the WCJ was legally correct in determining that it had the legal authority to amend the October 3, 2016 order of approval to include the language necessary for the SSA to determine its offset. As stated by this court in *Tyson v. Thompson Home Health*,

---

[2] *Sedwick Claims Mgmt. Servs. Inc. v. Cormier*, 02-216, p. 8 (La.App. 3 Cir. 3/26/03), 841 So.2d 1032, 1037, *writ denied*, 03-1185 (La. 6/20/03), 847 So.2d 1234 (quoting *Harrington v. Quality Steel Bldg. Erectors*, 95-822, p. 6 (La.App. 3 Cir. 3/6/96), 670 So.2d 1372, 1376, *writ denied*, 96-1315 (La. 6/28/96), 675 So.2d 1128)

10-1040, p. 3 (La.App. 3 Cir. 3/16/11), 59 So.3d 509, 512, *writ granted*, 11-760 (La. 6/3/11), 63 So.3d 1020, *writ denied as improvidently granted*, 11-760 (La. 10/25/11), 79 So.3d 246, "[t]he compromise agreement, and not the order of approval, is the document that governs the rights of the parties thereto." The only purpose that the order of approval serves, "is to prevent the ill-advised or hasty resolution of the employee's claim that could inure to [his] serious detriment." *Id.*

In this instance, the amendment of the order of approval to include the language required by the SSA in no way changed the rights or obligations of Mr. Clark and Walgreens, as set forth in the compromise settlement documents. Thus, the WCJ was correct in stating that this language added nothing substantive to the language of the compromise settlement. Substantively, the compromise settlement provided that Walgreens agreed to pay Mr. Clark $148,574.00 in exchange for Mr. Clark's full and final settlement of all claims against it. The added language, rather than substantively changing that agreement, merely changed the phraseology of the order of approval. It neither takes from nor adds to the settlement; rather, it merely assists the SSA in determining the offset it will take from Mr. Clark's monthly SSDI benefits based on the funds he receives from this settlement, pursuant to 42 U.S.C.A. § 424a,[3] because, as stated by the WCJ, the settlement

---

[3] 42 U.S.C.A. § 424a provides:

**(a) Conditions for reduction; computation**

If for any month prior to the month in which an individual attains retirement age (as defined in section 416(l)(1)) of this title--

(1) such individual is entitled to benefits under section 423 of this title, and

(2) such individual is entitled for such month to--

(A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State, or

. . . .

(3) such total of benefits under sections 423 and 402 of this title for such month, and

8

amount "serves as a substitute for periodic indemnity payments" Mr. Clark would have received from Walgreens in the future.

Walgreens was aware that Mr. Clark was receiving SSDI benefits, as he testified at the September 30, 2014 trial on the merits that he began receiving the benefits due to his back condition at approximately the same time that Walgreens reduced his workers' compensation benefits. In view of the axiom that "workers' compensation law is to be liberally construed in favor of protecting workers from the economic burden of work-related injuries[,]" we find no merit in Walgreens' argument that the WCJ's August 21, 2017 judgment substantively changed the original October 3, 2016 order of approval. *McCarroll*, 156 So.3d at 1176.

We further find no merit in Walgreens' assertion that the amended language could potentially convert the parties' compromise settlement to a lump sum settlement and lead to future challenges by Mr. Clark based on the use of an improper discount rate. Both the amended order and the judgment clearly state that:

> Mr. Clark agrees that the inclusion of the foregoing provision cannot and will not be interpreted as any statement regarding whether or not he is now or may become totally and permanently disabled. Mr. Clark understands that the settlement extinguishes his right to all past, present, and future benefits under the Louisiana Workers' Compensation Act, and he waives any claims regarding the proper discount rate pursuant to [R.S. 23:1274].[4]

Thus, we find no merit in this argument and in this assignment of error.

---

(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans, exceeds the higher of--

(5) 80 per centum of his "average current earnings", or

(6) the total of such individual's disability insurance benefits under section 423 of this title for such month and of any monthly insurance benefits under section 402 of this title for such month based on his wages and self-employment income, prior to reduction under this section.

[4] The August 21, 2017 judgment failed to include "R.S. 23:1274" at the end of the language quoted from the June 2, 2017 amended order of approval.

9

## THIRD ASSIGNMENT OF ERROR

In its final assignment of error, Walgreens argues that the WCJ legally erred in denying both its exception of res judicata and its motion for sanctions. However, based on our finding that the WCJ had the legal authority to amend the original order of approval and the fact that the August 21, 2017 judgment in no way substantively changed that order, we find no merit in this assignment of error.

## ANSWER TO APPEAL

In response to Walgreens' appeal, Mr. Clark filed an answer to appeal, in which he seeks an award of attorney fees based on La.Code Civ.P. art. 2164. That article provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

In *Broussard v. Union Pacific Resources Co.*, 00-1079, pp. 9-10 (La.App. 3 Cir. 1/31/01), 778 So.2d 1199, 1205, *writ denied*, 01-589 (La. 4/27/01), 791 So.2d 118, this court stated with regard to frivolous appeal:

> "Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed." *Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993). "Damages for frivolous appeal are only allowed when 'it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.'" *Id.* (quoting *Parker v. Interstate Life & Accident Ins. Co.*, 248 La. 449, 179 So.2d 634, 636-37 (1965)).

Considering the facts of this case and based on our findings that the WCJ's amendment of the original order approving the settlement in no way altered Walgreens' obligations nor altered the fact that the compromise agreement executed a full release of Mr. Clark's claims against it, we can reach no other conclusion but that this appeal was sought for reasons of delay. In doing so, we

10

find that this appeal is so devoid of merit that it justifies being labeled as frivolous. Thus, finding merit in Mr. Clark's answer to appeal, we grant an award of an additional $3,500.00 in attorney fees as damages for frivolous appeal.

## DISPOSITION

For the foregoing reasons, the judgment of the WCJ is affirmed, and we render judgment in favor of Kenneth Clark, awarding him $3,500.00 in attorney fees for work performed by his counsel on appeal. The costs of this appeal are assessed to Walgreen Company.

**AFFIRMED AND RENDERED.**

11