GUIDRY, J., dissenting.
When an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error with regard to factual findings of the trial court. However, the res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. Pierrotti v. Johnson, 11-1317, p. 9 (La. App. 1st Cir. 3/19/12), 91 So.3d 1056, 1063.
I believe the WCJ committed legal error in looking solely at whether fraud or misrepresentation *315 occurred pursuant to La. R.S. 23:1272(B), when it has been held that such consideration is only applicable when the mandatory guidelines for approval are met. See Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La. 1980) ; McCarroll v. Livingston Parish Council, 13-2120, pp. 5-6 (La. App. 1st Cir. 10/27/14), 156 So.3d 1173, 1177, writ denied, 14-2498 (La. 2/27/15), 159 So.3d 1068 ; Harrington v. Quality Steel Building Erectors, 95-822, pp. 6-7 (La. App. 3d Cir. 3/6/96), 670 So.2d 1372, 1376, writ denied, 96-1315 (La. 6/28/96), 675 So.2d 1128.
Louisiana Revised Statute 23:1272(B) states that if the employee and his counsel make certain certifications in their affidavits attached to the petition seeking approval of a compromise settlement, the workers' compensation judge is required to issue an order approving the proposed compromise settlement. Once issued, the order can only be set aside or modified upon proof of fraud or misrepresentation of any party. The certifications that both the employee and his counsel are required to make, in their affidavits , are the following: (1) the attorney has explained the rights of the employee and the consequences of the settlement to him; and (2) that such employee understands his rights and the consequences of entering into the settlement. La. R.S. 23:1272(B).
Mr. Hernandez and his counsel both stated in their affidavits that they had read the joint petition and "that all of the facts and allegations contained therein are true and correct to the best of [their] knowledge, information and belief." Paragraph X of the joint petition recites that Mr. Hernandez "understands that in consideration of Employers and Insurer's payment of [$25,000.00] plus a waiver of its lien in Benny Hernandez's third party tort claim, he releases in full all claims which he has, or may hereafter have, ... as a result of any injury to his ribs and back as a result of his September 16, 2014 accident." Despite this "understanding" stated in the petition, I do not believe the sworn statements of the affidavits can be bootstrapped to the identified statement in the petition to establish compliance with La. R.S. 23:1272(B). Moreover, the WCJ, in her reasons for judgment, found that Mr. Hernandez did not understand his rights or the consequences of entering into the settlement.[1]
As there was no strict compliance with La. R.S. 23:1272(B) in the issuance of the order approving the compromise settlement, I believe the majority errs in affirming the WCJ's determination that the settlement and the order approving it are binding and enforceable so as to sustain the objection of res judicata. See Smith v. Isle of Capri Casino & Hotel 10-0161, p. 3 (La. App. 1st Cir. 9/10/10), 47 So.3d 642, 644 (holding that "[t]here can be no settlement of a workers' compensation claim in the absence of compliance with the procedure prescribed by La. R.S. 23:1272 ). And for these reasons, I respectfully dissent.

In her oral reasons, the WCJ stated:
At this time the Court stands ready to rule. I understand that you have many questions, Mr. Hernandez, and that's part of the reason why you're bringing it here and you filed your claim because you have some unanswered questions and you have some legal questions, also, as to what your entitlement is. And you have some concerns that you're seeking answers. Your prior attorney is not here. Your prior attorney did represent you.
...
A lot of these questions fall on the shoulders of what that attorney should or should not have done regarding his representation, but we're not here today - - that is not what I need to address directly.